## OSTERHOUT against ROBERTS.

ON error from the C. P. of Madison county. The cause came to the C. P. by appeal from a justice's court. Roberts, the plaintiff before the justice, declared against the defendant, Osterhout, in trover for a watch. Osterhout pleaded that a previous judgment had been obtained by Roberts against Osterhout's son, for converting the same watch; on which the son was imprisoned 60 days in the county jail. The plaintiff, Roberts, demurred to the plea, and the justice gave judgment for the plaintiff. On appeal, the C. P. gave judgment for the plaintiff; and a jury assessed his damages at $15, for which judgment was rendered, with $35 costs. Osterhout, the defendant below, and appellant, brought error to this court.

J. A. Spencer, for the plaintiff in error, cited 2 Phil. Ev. 121, and note (a): 6 John 168; 5 id. 348; 1 Tid. Pr. 590; 1 Show. 146; 2 Str. 1078; Bul. N. P. 49; 2 Esp. Dig. (Gould's ed.) 208.

D. B. Johnson, contra, cited 9 John. 198; 2 Str. 1078; 1 Chit. Pl. 75.

*In trover against A, it is no plea that the plaintiff had before brought trover against B, for the same chattel, and recovered judgment and imprisoned B, in execution for sixty days. Otherwise if A. had obtained actual satisfaction. Recovery in trover and actual satisfaction changes the property in a chattel; so that the plaintiff cannot afterwards have trover against another for the same chattel; otherwise there is no actual satisfaction; but a mere commitment in execution.*

Curia, per WOODWORTH, J. The only question is, whether the judgment, execution and imprisonment, set out in the plea, were a satisfaction to the plaintiff, so as to transfer the property in the watch.

I think actual satisfaction is necessary to change the property. Here there was a failure of satisfaction; for it is manifest the defendant in the former suit never paid the

ALBANY,
Oct. 1827.

Osterhout
v.
Roberts.

\*recovery. His imprisonment was no compensation; but the means resorted to in order to compel it.

The doctrine laid down in Jenkins' Centuries, (4 cent. 189, case 88,) is, I apprehend, the law at this day: "A., in trespass against B. for taking a horse, recovers damages. By this recovery, and execution done thereon, the property of the horse is vested in B. *Solutio pretii emptionis loco habetur.*" The case supposes payment to have been made; that the execution had been satisfied. The mere commitment of a party would, according to this principle, be insufficient. In *Curtis* v. *Groat*, (6 John. 168,) the court so considered the law. It is there said, "If a trespasser takes a chattel into his own possession, and the owner sues and recovers damages, for the specific chattel so taken and detained, the recovery and execution done thereon, will change the property by operation of law. The case of *Brown* v. *Wotton*, (Cro. Jac. 73,) holds a different doctrine. That was an action of trover for certain plate. The defendant pleaded a judgment against J. S.; and had him in execution for the damages. The plaintiff demurred; and judgment for the defendant; the court holding that the damages being uncertain, and having been reduced to certainty, by the recovery in the first suit, this took away the action against the defendant in the subsequent suit. This doctrine is overruled in *Livingston* v. *Bishop*, (1 John. 290,) where the authorites bearing on the question are reviewed by Chief Justice Kent; and where it is clearly shown, that if you elect to bring separate actions for a joint trespass, you may have separate recoveries, though but one satisfaction; and that the plaintiff may elect *de melioribus damnis*; and issue his execution accordingly. That where he has made this election, he is concluded by it. Which I understand in this manner: that having recovered several judgments for the same joint trespass, neither judgment is barred by the recovery of the other; that the plaintiff then has an election; and in such a case having elected one, he shall not resort to another judgment. This does not impair, or, in the least, interfere with the principle, that when a recovery is had against a party not a joint

trespasser, either in an action of trespass or trover, nothing *short of satisfaction will charge the property of the article for which damages are sought to be recovered.[1]

In the case before us, it follows that the plea was no bar to the plaintiff's action; and the judgment of the court below must be affirmed.

ALBANY,
Oct. 1827.

Osterhout
v.
Roberts.

Judgment affirmed

[1] *Hopkins* v. *Hersey,* (7 Shepl. 449.) Weston, C. J.—Whether a recovery, by judgment in trespass or trover, of the value of a chattel, does, by implication of law, amount to a transfer of title to the defendant, or those who held under him, without payment or satisfaction of the judgment, is a question, in regard to which there is a conflict of authority. *Brown* v. *Wotton,* Cro James, 73 ; *Adam* v. *Broughton,* 2 Strange, 278 ; *Murrell* v. *Johnson,* 1 Hen. & Munf. 450 ; and *Floyd* v. *Browne,* 1 Rawle, 121, establish the position, that a change of title is effected by the judgment, without satisfaction. And the law is so laid down in 1 Chitty's Pl. 76, and in 3 Dane, ch. 77, art. 1. sec. 2. That satisfaction of the judgment, is what constitutes a bar of another action, is deducible from *Moreton's case,* Cro. Eliz. 30, from *Curtis* v. *Groat,* 6 Johns. 168 ; *Osterhout* v. *Roberts,* 8 Cowen, 43 ; and *Sanderson* v. *Caldwell,* 2 Aiken, 195. And this opinion is sustained by Sergeant Williams, in his notes, 2 Saund. 148, b. And in the Touchstone it is said, that if one recovers damages of a trespasser for taking his goods, the law gives him the property of the goods, "because he hath paid for them." Shep. Touch., title Gift. Chancellor Kent holds it to be the more authoritative and reasonable opinion, that a collateral concurrent remedy is not barred until satisfaction is obtained, although he admits that it yet remains an unsettled and vexed question. 2 Kent's Com. 387.

The subject is discussed at some length in *White* v. *Philbrick,* 5 Greenl. 147. It was there decided that a judgment in trover, if execution be sued out thereon, though without satisfaction, is a bar to an action of trespass afterwards brought by the same plaintiff against another person, for the same taking, which was the foundation of the action of trover. This was decided upon the ground, that although co-trespassers are severally liable to the action of the party injured, yet when he obtains judgment against one of them, and sues out execution, this is an election *de melioribus damnis,* and bars him from proceeding against the others. Kent, C. J., in *Livingston* v. *Bishop,* (1 Johns. 290,) intimates that such might be the effect of suing out execution; as does Thompson, J., in *Thomas* v. *Rumsey,* 6 Johns. 26.

In the case of *Osterhout* v. *Roberts,* before cited, although the court hold that it is satisfaction of the judgment which transfers the property, they approve of the intimation in 1 Johns. 290, that a several judgment against one joint trespasser, is no bar to a recovery of judgment against another; but if the plaintiff has made his election, by suing out execution, he shall not proceed against another. But in that case the court say further, "this does not impair, or in the least interfere with the principle, that when a recovery is had against a party, not a joint trespasser, either in an action of trespass

or trover, nothing short of satisfaction will change the property of the article for which damages are sought to be recovered." In *White* v. *Philbrick,* the defendant was a co-trespasser with him against whom the former judgment was rendered, and the decision there is limited to co-trespassers.

See *Morris* v. *Berkley,* 2 Con. Ct. Rep. 228; *Hepburn* v. *Sewell,* 5 Har. & John. Rep. 211.