[*615]          *STILWELL AND BUSH v. VAN EPPS AND VAN EPPS.

> While the plaintiff has the body of the defendant in execution on a *ca. sa.*, his right to proceed against the property of the latter is suspended. He cannot therefore, as long as the defendant is so in custody, file a bill in Chancery to reach his equitable estate.
>
> An assignment by a debtor under the insolvent act transfers all his estate to the assignee, for the benefit of his creditors generally; and a judgment creditor can gain no preference in relation to such property, by a bill subsequently filed in this court.

October 6th          THE bill in this cause was filed by judgment creditors of H. V. D. Van Epps, one of the defendants, after their *fi. fa.* against him had been returned unsatisfied, for the purpose of reaching a fund in court alleged to have been fraudulently assigned by him to the other defendant. The defendant H. V. D. Van Epps put in a plea setting forth the fact that, previous to the filing of the bill, the complainants had caused him to be arrested on a *ca. sa.*, on which he still remained in custody. The cause was brought to a hearing on the plea. The complainants also presented a petition setting forth that since the plea was put in, H. V. D. Van Epps had been discharged from custody under the non-imprisonment act, and had assigned all his property to Evert Van Epps under the act, but that the fund in court was not embraced in his inventory. They, therefore, asked leave to file a supplemental bill setting forth these facts, and to make the assignee a party.

*J. King* for the complainants.

*J. N. Cushman* for the defendants.

THE CHANCELLOR:—The complainants having taken the body of their debtor in execution, could not proceed against his property at law while he remained in custody. (*Horn* v. *Horn*, Ambl. R. 79; *Jackson* v. *Benedict*, 13 John. R. 532.) The bill filed in this court to reach the equitable assets of the debtor is merely in aid of the legal remedy, and that remedy being at an end, or at least suspended, by the voluntary act *of the complainants at the time they filed their bill, this suit cannot be sustained. The plea must, therefore, be allowed.

A supplemental bill will not aid the complainants, because they commenced this suit when they were not entitled to any kind of equitable relief; and the subsequent assignment under the insolvent act has transferred all the interest of their debtor to the assignee for the benefit of the creditors generally.[1] (*Candler* v. *Pettit*, 1 Paige's Rep. 168.) The application for leave to file a supplemental bill is denied with costs.

[*616]

[1] See 2 R. S. (4th ed.) 203, sec. 33; *Bailey* v. *Burton*, 8 Wen. 348. Property fraudulently conveyed by an insolvent debtor prior to his discharge, passes to the assignees, although not mentioned in the inventory. *Ward* v. *Van Bokkelen*, 2 Paige, 289; *Roseboom* v. *Mosher*, 2 Denio, 61.