SUNDERLAND *vs.* LODER, impleaded with LOCKWOOD.

The *imprisonment* of a defendant on a justice's execution is a *satisfaction* of
the judgment *while the imprisonment continues;* and may be pleaded in bar
to an action on a bond given by the defendant and a surety to stay the ex-
ecution for ninety days.

DEMURRER to plea. The plaintiff declared in debt on
bond. Loder, who alone was taken on the capias issued in
the cause, appeared and craved oyer of the bond and condi-
tion, from which it appeared that the bond was executed 2d
September, 1828, on which day the plaintiff Sunderland had

obtained a judgment in a justice's court against Lockwood for $35,04 damages and costs; that the plaintiff was about taking out execution in the same, and to *stay* such execution the bond was executed, according to the provisions of the *fifty dollar act*, conditioned for the payment of the damages and costs, with interest, before or at the expiration of ninety days. The defendant Loder then pleaded *non est factum*, and specially that on the 2d January, 1829, the plaintiff caused an execution to be issued on the judgment obtained by him, containing a clause commanding the constable to whom the same was directed, for want of goods and chattels whereon to levy, to take the body of the defendant Lockwood, and to convey him to the common jail of the county, there to be kept until discharged according to law; that in pursuance of such execution, Lockwood was arrested, and on the 14th January, 1829, conveyed to the common jail of the county of Monroe, and delivered to the keeper of the jail; that Lockwood remained a good and faithful prisoner, and so still remained, &c.; to which second plea the plaintiff demurred, and the defendant joined.

*L. F. Collins & W. H. Tobey,* for plaintiff.

*H. L. Stevens,* for defendant.

*By the Court,* MARCY, J.  It is a general rule of law, that the taking the body of the debtor in execution is satisfaction of the debt.  In *Foster* v. *Jackson, Hob.* 52, it is said "that a *capias ad satisfaciendum,* as against the party, is not only an execution, but a full satisfaction by-force and act and judgment of law."  This rule has qualifications and exceptions. Where there are several defendants, the taking of one does not affect the plaintiff's right to pursue the others, until there is a payment in fact.  In this case, it is to be observed, that Loder is not a co-defendant in the judgment on which Lockwood is imprisoned.  His liability, if any, arises on an undertaking collateral to that judgment, and whether there be a iability or not depends, it appears to me, upon the fact of the judgment being unsatisfied.  The statutes which have from time to time been passed, regulating the imprisonment

of debtors and authorizing their discharge, have created exceptions to the general rule above mentioned; but these exceptions, I think, all relate to remedies given to the creditor aga st the debtor or his sureties after the discharge, effected by virtue of those statutes. Where they have not interfered to give relief to the debtor, they have not created any exception to the rule as laid down in *Hobart.*

While the imprisonment continues, it is a satisfaction. Such is the doctrine of the case of *Cooper* v. *Bigelow,* 1 *Cowen,* 56. This court refused in that case to allow a judgment on which the defendant was imprisoned to be set off against one which he had recovered against the plaintiff. The case of *Stuart* v. *M'Guin,* 1 *Cowen,* 99, has been supposed to contain a different principle. That case differs from this in an important particular. Gill, the original debtor there, was *not in prison* for the same demand for which his surety, M'Guin, was prosecuted. He had been imprisoned, but was discharged by virtue of the 12th section of the act for the recovery of debts to the value of twenty-five dollars. This circumstance was supposed to bring that case within one of the exceptions to the general rule.

This suit is in fact against Loder and Lockwood, though the latter was not brought into court. He, as one of the joint debtors, is to be affected by the judgment, and might therefore have come in, I think, and pleaded to the declaration. Suppose he had come in voluntarily, or been brought in and interposed the plea of his existing imprisonment on the judgment as a satisfaction of it; I think it must have been allowed to him as a good defence; and if such plea would have been a defence to him, it must be equally so to Loder. A good defence to one joint and several obligor is so to the others, unless it proceeds upon the ground of some personal exemption or privilege; such as infancy, an insolvent's discharge or the like. Lockwood's defence would not be of a personal and peculiar nature, no more than a plea of payment by him would be. His defence would be satisfaction of the debt for the security of which the bond was given. The disallowance of such a defence to Lockwood would involve consequences at war with well established

NEW-YORK,
May, 1830.

principles.   One of these consequences would be, that he might have a second judgment against him for the same debt while he was in actual custody on the first, and be exposed to an execution against his person or his property on the second judgment.   It is easy to foresee, but it is not necessary to specify the embarrassing questions which would arise, in case of two judgments, from the efforts that would probably be made by the plaintiff to enforce them, and by the defendant to be relieved from their effects by a single satisfaction.

The plaintiff ought not to be permitted to gainsay the allegation that he has satisfaction of his judgment, as long as he holds the defendant in custody thereon.   If the debt is satisfied as to the principal, it is so as to the surety.   I am therefore of opinion that the plea contains a good defence for Loder.

Judgment for defendant.