## WAKEMAN & ANDREWS vs. LYON & EVANS.

A plaintiff in a judgment, who has taken notes as *collateral security* for the payment thereof, cannot maintain an action upon the notes, if after the taking of the same he issues an execution and *imprisons* the defendant in the judgment.

The court will regard an exception taken at the trial, although in the bill it be stated to have been taken after verdict: they will presume it to have been taken in due time, until the contrary be shewn.

THIS was an action of asssumpsit, tried at the Chautauque circuit in October, 1830, before the Hon. ADDISON GARDI-NER, one of the circuit judges.

The suit was brought on two promissory notes, given as *collateral security* for the payment of a *judgment* which had been obtained by the plaintiffs against Lyon, one of the ma-kers of the notes, and to procure a suspension of proceedings upon the judgment until the notes should become payable. *After the notes became due,* the plaintiffs issued a *fieri-facias* against Lyon on the judgment, and that being returned unsat-isfied, they issued a *capias ad satisfaciendum* on which Lyon was *arrested* and imprisoned, and remained in prison at the time of the *commencement of this suit.* The defendants con-tended that such imprisonment, during its continuance, was a satisfaction of the judgment, and that the notes having been given as collateral security only, the plaintiffs were not entitled to recover. The judge however ruled otherwise, and the jury, under his direction, found a verdict for the plaintiffs for the amount directed to be received by the sher-iff on the *ca. sa.,* together with his fees. The defendants excepted to the decision and charge of the judge. In the bill of exceptions, the exception to the decision of the judge is *stated* to have been made *after the verdict was delivered.* The plea in this case was *non assumpsit,* with notice of special matter. The defendants ask for a new trial.

*J. Edwards,* for the defendants, insisted that the judgment and consequently the notes, were satisfied by the *imprisonment* of Lyon. He cited 2 *Johns. Ch. R.* 430; 4 *Mass. R.* 403; 1 *Paige,* 615 : 13 *Johns.* 533; 1 *Cowen,* 56 ; 3 *Wendell,* 184 ; and particularly *Sunderland* v. *Loder & Lockwood,* 5 *Wendell,* 58.

*C. P. Kirkland,* for the plaintiffs, objected that the exception to the decision and charge of the judge not having been made until after the verdict was pronounced, the defendants could not avail themselves of it.

By THE COURT. We will presume that the exception was taken in due time, unless it is expressly shewn that it was *not taken until after the verdict.* We do not regard the manner in which the proceedings on the trial are stated in the bill, and so we have repeatedly ruled.

*Kirkland,* in continuation. The notes were given as collateral security for the payment of the judgment. The *imprisonment* of Lyon was not a *satisfaction* of the judgment. In *The Ontario Bank* v. *Hallett,* 8 *Cowen,* 192, the doctrine of satisfaction by levy was held inapplicable to collateral securities. At most, the imprisonment only suspended the right of action ; it was a satisfaction only whilst the imprisonment continued, 5 *Wendell,* 58, and should therefore have been pleaded in abatement, and not in bar. 1 *Chitty,* 434. The imprisonment is a defence strictly personal to the principal debtor, and not available to the surety. 5 *Wendell,* 225. Unless this doctrine be recognized, a creditor cannot call upon an accommocation endorser of a note while he has the maker in custody. This case is distinguishable from that of *Sunderland* v. *Loder & Lockwood,* as there the issuing of the execution was an express waiver of the remedy on the bond. If the court should be of opinion that the defence was available to *Lyon,* but not to *Evans,* the counsel asked leave to discontinue as to Lyon. 8 *Cowen,* 43.

*By the Court*, SUTHERLAND, J. This case cannot be distinguished from that of *Sunderland* v. *Loder & Lockwood*, 5 *Wendell*, 58. There Sunderland had obtained judgment against Lockwood for $35 before a justice of the peace, and was about taking out execution upon the same, when such execution was stayed by the giving of the bond on which that suit was brought, pursuant to the provisions of the 14th section of the $50 act. *Laws of* 1824, *p.* 287. The bond was given by Lockwood, the original debtor, as principal, and Loder as his surety. At the expiration of the 90 days, the debt not having been paid, the plaintiff, instead of prosecuting the bond, sued out execution against Lockwood, upon which he was imprisoned; and afterwards, while he was thus imprisoned, the plaintiff also commenced an action upon the bond given by Lockwood and Loder. To this action the imprisonment of Lockwood, which continued at that time, was pleaded in bar; and the plea was sustained on the ground that the bond on which the suit was brought was collateral to the original judgment against Lockwood, and that his imprisonment thereon was a satisfaction of that judgment so long as it continued, and afforded him a perfect defence to this action; and the action being against both defendants jointly, what was a good defence to one was also good for the other. In this case, the notes on which this action is brought were given by *Lyon* and *Evans*, as a collateral security to a judgment which the plaintiff held against Lyon. After the giving the notes, the plaintiffs sued out execution upon that judgment, upon which Lyon was arrested and imprisoned; they then commenced this suit upon the notes, and the imprisonment of Lyon was set up as a defence to the action, and was overruled by the judge. In this he erred, and a new trial must be granted.