By the Court,

Sutherland, J.
The imprisonment of a sole defendant is, as long as it continues, a satisfaction of the debt and judgment. There is no principle more ancient or better settled than this. Hob. 52. It has been repeatedly recognized and acted upon in this court. Cooper v. Bigelow & Searles, 1 Cowen, 56. Stewart v. M'Guire, 1 Cowen, 99, and the authorities there cited. Osterhout v. Roberts, 8 Cowen, 43. Sunderland v. Loder, 5 Wendell, 58. Jackson v. Benedict, 13 Johns. R. 534. If a defendant dies in prison, or is discharged under an insolvent act, the plaintiff may then have recourse to his property, by virtue of a special statutory provision; but during the continuance of the imprisonment, the judgment is so far satisfied that it ceases to be a lien upon the defendant’s real estate, and subsequent judgments acquire a priority over it. In Jackson v. Benedict this was expressly adjudged. Where there are several defendants in a judgment, the imprisonment of one is no satisfaction as to the other, and each may be successively arrested and imprisoned, if they were all originally brought into court. Where a judgment is obtained against joint debtors upon process which was not served on all the defendants, execution maybe issued in form against all; but it can be executed only upon the person or sole property of the defendant upon whom the process was served,, and the personal property owned by the other defendants, as partners of fthe defendant who was brought into court. 2 R. S. 247, § 122, and 251, § 141, 2. If the plaintiff in such a case wishes to reach the person or the individual property of the defendant not brought into court, he may bring an action of debt upon his judgment, and such judgment will be conclusive evidence of the liability of the defendant who was personally served with process, or who appeared in the suit; but against the other defendants it will be evidence only of the extent of the plaintiff’s demand, after the liability of such defendants shall have been established by other evidence. 2 R. S. 247, 123.
This case presents the question whether a plaintiff can imprison the defendant who was brought into court, and failing to obtain actual satisfaction in that manner, can then bring an action of debt upon the judgment, while one of the defendants remains 'in prison. Debt upon judgment is a joint action against all the defendants, and whatever is a good defence for one of the defendants, unless it be a personal exemption or privilege, is available for all, and defeats the action. The plaintiff in such a case cannot recover, without showing the joint liability of all the defendants. But the imprisonment of one of the defendants is, as to him, a satisfaction of the debt, so long as it continues, and is *45 a perfect defence against any ulterior proceedings, so far as he is concerned, and is of course fatal to a joint action against all. This I think is the true ground of the decision in Sunderland v. Loder, 5 Wendell, 58. The common pleas therefore properly held that the plaintiff could not recover. The judgment must be affirmed.