## NEW YORK SUPERIOR COURT.

BANK OF BELOIT agt. BEALE and ADAMS.

Where the plaintiff brings his action for a breach of contract in the misappropriation of moneys intrusted to the defendant to purchase property as the agent of the plaintiff, and recovers judgment for the amount of such moneys, he waives all claim to the value of the *property* purchased by the defendant with such moneys.

That is, the plaintiff cannot on the same facts have a judgment against the defendant for the amount of money furnished, and interest, and also for the value of the property bought with such money.

If the judgement recovered by the plaintiff against the defendant estops the plaintiff from claiming ownership of the property as against the defendant, it also estops him from making such claim against the owner who purchased from the defendant.

Consequently, where an action is brought by the owner of such property, for its value, against subsequent purchasers, the defendants can not set up as a valid defence, the claim of the plaintiff in the former suit as being the true owner; if the latter cannot sustain such a claim, the defendants have no defence.

The former plaintiff's rights being merged in his judgment, and it appearing that the defendant is imprisoned in execution upon it ; in contemplation of law the judgment is to be treated as satisfied while the imprisonment continues.

*New York Special Term, June,* 1860.

THE plaintiff having recovered a verdict in this action on the 14th day of June, 1860, the defendants now (June 16th, 1860,) move on the judge's minutes for a new trial.

This action is brought on the allegations that the plaintiff, in the early part of 1858, consigned to the defendants a specific quantity of wool, to be sold for, and on account

of the plaintiff.for cash; that the defendants received and sold the wool, but paid only $2,000 of the proceeds to the plaintiff, and refuse to pay the balance; the complaint prays judgment ·for the residue of the proceeds, which, including interest, the jury found to be $5,553.57.

The defence relied on is that B. A. Sweet owned the wool; that it had been purchased for him in Wisconsin by one M. W. Sherwood, and with Sweet's money, on an agreement with Sherwood to forward it to Sweet, at Albany; that, instead of doing so, Sherwood transferred it to plaintiff, as security for antecedent advances made, with notice of the rights of Sweet; that Sweet notified the defendants that the wool was his, and demanded that the proceeds of it be paid to him, and that they had in part paid him such proceeds, except the $2,000 which they had paid to the plaintiff.

The defendants, to show that the wool was Sweet's, and that the plaintiff took it under circumstances giving him no right to it, called as a witness the said M. W. Sherwood.

On his being sworn it was proved that he was then in the custody of the sheriff of Saratoga county, on an execution against his body issued on a judgment recovered against him by said Sweet, in the supreme court of this state, on the 14th day of February, 1860, for $4,334.43 damages, besides costs. That said Sherwood was so produced as a witness under a *habeas corpus ad testificandum*.

The judgment record of the suit of *Sweet* agt. *Sherwood* was put in evidence.

The summons states that in case of a default to answer " the plaintiff will take judgment against you (Sherwood) for $3,923.20, with interest from the 14th day of July, 1858, besides costs.

The complaint, which was verified on the 7th day of September, 1858, states, that prior to the 9th of June, 1858, Sweet " employed" Sherwood as his agent to purchase 20,000 pounds of wool for " Sweet," in the state of Wiscon-

sin, and forward the same to "Sweet," at Albany, "Sweet agreeing to pay to Sherwood" either one-half the profits made on the sale of the said wool, or one cent per pound commission for "Sherwood's services, as he, the said Sweet, might elect."

That for that purpose, "Sweet," between the 9th of June, and the 14th of July, 1858, furnished and advanced to Sherwood $6,000, and also, one hundred and five wool sacks, of the value of $52.50. That with a portion of said moneys, Sherwood "purchased and forwarded to the said Sweet," thirty-four bales of wool, containing 7,041 pounds, purchased for, as the "said Sweet" is informed and believes, and amounting in value to, the sum of $2,112.30. That he also returned thirty-four of the wool sacks, of the value of seventeen dollars.

That with the remainder of the moneys so furnished by "Sweet to Sherwood," Sherwood "purchased wool in his own name, and sold and assigned the same, together with the remainder of the said wool sacks," to other parties; that he has refused, and still refuses to deliver the last mentioned wool to Sweet, or to furnish and deliver the wool purchased with the moneys so advanced by Sweet, "and also refuses to refund or return the moneys so advanced and furnished by said Sweet," after deducting therefrom the amount thereof expended in the purchase of wool delivered by "Sherwood to Sweet, or to render any account thereof to" Sweet.

It alleges a demand by Sweet upon Sherwood of the moneys not expended in the purchase of wool delivered by said "Sherwood to Sweet," and an account thereof, and that Sweet "has also demanded the wool purchased therewith, but has been unable to obtain the said moneys, or an account thereof, or the wool purchased therewith," "and prays judgment" for the sum of $3,923.20, with interest from the 14th of July, 1858, with costs of this action. The defendant put in answer verified November, 1858.

The action was referred to and tried before Hon. GEORGE GOULD as referee. His report dated February 9, 1860, finds, upon the pleadings and evidence, that the facts substantially as stated in the complaint are true, and states in conclusion that " there can be no doubt that the plaintiff is entitled to recover the money advanced, less the proceed of the wool received, with interest from the time of last advance, July 14, 1858. This amount is $3,923.20, with interest to December 28, 1859, (one year, five months, fourteen days, $411.23,) making in all $4,334.43, for which sum the plaintiff should have judgment.

The defendants in this suit, in order to show that the wool in question was the property of Sweet, and that they were justifiable in paying the proceeds arising from the sale of it to him as such owner, after- he had given notice of his title and demanded such proceeds, offered to prove the facts stated in the complaint in the suit of *Sweet* agt. *Sherwood.*

SCUDDER & CARTER, *for defendants.*
E. P. CLARK, J. O. MILLER and S. SANXAY, *for plaintiff.*

BOSWORTH, Chief Justice. It will be seen on examining the complaint in the suit of *Sweet* agt. *Sherwood*, that Sweet's whole claim is :

(1) For cash advances, . . . . . . . . . $6,000 00
(2) For one hundred and five sacks furnished,    52 50

Total, . . . . . . . . . . . . . $6,052 50

He credits Sherwood for wool delivered, . . $2,112 30
For thirty-two sacks returned, . . . . . .    17 00

Total, . . . . . . . . . . . . . $2,129 30

The complaint prays judgment for $3,923.20, with interest from July, 14, 1858.

HARVARD LAW SCHOOL LIBRARY

Bank of Beloit agt. Adams.

The summons states, that in case of failure to answer, ju<sup>r</sup>gment will be taken for that sum, and costs. A summons in that form is proper only " in an action arising on contract for the recovery of money only." (*Code*, § 129, *sub.* 1.)

The complaint sets forth the contract between Sweet and Sherwood, and alleges as a breach of it the refusal of Sherwood to deliver the wool purchased, as well as his refusal to refund the money or account for it. By the suit which he brought, he elected to proceed on the contract and claim a return of the money advanced, with interest thereon.

He cannot on the same facts have a judgment against Sherwood for the amount of money furnished and interest, and also for the value of the property bought with such money.

By bringing a suit upon the contract, and claiming and recovering a part of the damages arising from a breach of it, the moneys advanced, with interest, he repudiates the use which Sherwood made of the money, as one which was unauthorized, and absolutely waives all claim of property in the wool bought with it. After such a recovery he could not maintain trover against Sherwood for converting the wool.

Such a transaction is, in principle, like that between vendor and vendee, where the latter, by fraud, induces the former to sell and deliver goods on credit. In such a case, if the vendor, with knowledge of the fraud, sues the vendee upon the contract of sale, and recover judgment, he cannot, in a subsequent action based on the fraud, pursue the goods or their proceeds, either in the hands of such vendee or a third person. (*Lloyd* agt. *Brewster*, 4 *Paige R.*, 537.)

It seems to me clear, upon elementary and fundamental principles, that the action which was brought by *Sweet* agt. *Sherwood*, and the recovery of judgment therein, estops Sweet from claiming property in the wool bought with the moneys for which such judgment was recovered. All causes

of action based on the transaction are merged in the judgment recovered.

In addition to this difficulty, which seems to be insuperable, Sweet has so far executed the judgment, that he has Sherwood in custody under an execution against his body issued on such judgment. This is a satisfaction of the judgment in such sense, that while the imprisonment lasts no proceedings can be taken against his property to obtain judgment.

The judgment on which he is imprisoned will not be set off against any other judgment in his favor. (*Cooper* agt. *Bigelow*, 1 *Cow. R.*, 57.)

A creditor's bill will not lie on such a judgment to reach his equitabe estate. (*Stillwell* agt. *Van Epps*, 1 *Paige R.*, 615.) Nor will an action lie against the sureties in a bond given to stay the issuing of an execution ninety days, although conditioned to pay the damages and costs, with interest, before or at the expiration of ninety days. (*Sunderland* agt. *Loder*, 5 *Wend. R.*, 58.)

A consent that the debtor go at large is an absolute discharge of the judgment. (9 *Cow. R.*, 138.)

I think there is a marked distinction between a case like this, and an owner of a chattel suing one person and recovering against him *in trover* for converting it, and subsequently suing another person for a *separate* and *distinct* conversion of the same property.

In this state it is held that a judgment against one, and his imprisonment without actual satisfaction, is no bar to a subsequent action against the other. (*Osterhout* agt. *Roberts*, 8 *Cow. R.*, 43.)

The rule in England is otherwise, and it has recently been held there as it was held in *Brown* agt. *Wotton*, (*Cro. Jac.*, 73,) that a recovery in trover for a permanent conversion vests title in the defendant by relation from the time of the conversion. (*Buckland* agt. *Johnson*, 26 *Eng. L. and Eq. R.*, 328.)

This is not the case of an owner suing a second party for converting his property, after having obtained judgment and execution against another party, for a separate and distinct conversion of the same property.

In this case, after Sherwood had sold and disposed of the wool, Sweet, with knowledge of the fact, sued him to recover back the money advanced to purchase it, and recovered a judgment for such moneys, with interest; and Beale and Adams, who received the wool from the plaintiff (to whom Sherwood had transferred it) to sell on the plaintiff's account, instead of paying the proceeds to the plaintiff, paid them to Sweet, and insists that the wool was his, and that they had a right to pay the proceeds to him, he having demanded them as owner.

If the judgment recovered by Sweet against Sherwood estops the former from claiming ownership of the wool as against the latter, it also estops him from making such claim as against the plaintiff.

Beale and Adams's defence is based solely on the right of Sweet to claim the proceeds of the wool as against the plaintiff; and if he cannot sustain such a claim they have no defence.

I think Sweet's rights are merged in his judgment, and the remedies provided by law to obtain payment of it; that in contemplation of law it is to be treated as satisfied while the imprisonment of Sherwood is continued, and that the motion for a new trial should be denied.

Motion denied with $10 costs.