## SUPREME COURT.

DANIEL PENN agt. GEORGE REMSEN, late sheriff of Kings
County.

Where the plaintiff has the right to take the *persons of all the defendants* in sat-
isfaction of his judgment, it carries with it the right to proceed against the *bail
of one of them,* as to whom there may be a return of *non est inventus.*

*Brooklyn General Term, December, 1862.*
EMOTT, LOTT and BROWN, *Justices.*

Mr. McADAM, *for plaintiff.*
J. W. GILBERT, *for the defendant.*

By the court, BROWN, Justice. In June, 1858, the plain-
tiff commenced an action in this court against William C.
Annan and James W. Embury to recover the proceeds of
certain goods sold by them as his agents and for him. He
obtained an order of arrest from one of the justices of this
court, directed to the sheriff of the county of Kings—the
amount of the bail to be taken being fixed at $600. The
order was delivered to the defendant, who was then sheriff
of the county of Kings, to be executed. On the 15th June,
1858, he arrested James W. Embury under the order or
warrant, held him to bail, and afterwards returned the or-
der with his certificate of the service, and a copy of the
undertaking of the bail. The defendant Annan was not
arrested on the order. Within ten days the plaintiff gave
due notice that he did not accept the bail taken by the
sheriff. The bail never justified, and thus the sheriff be-
came liable as bail to the plaintiff.

On the 29th of November, 1858, the plaintiff recovered
a judgment in the action against Annan and Embury for
$672.67. It was duly docketed in Kings county. An exe-
cution against the property of the defendants was issued,
and returned unsatisfied. An execution against the bodies

of the defendants was then issued to the sheriff of Kings county, which was returned not found. A like execution was issued to the sheriff of the city and county of New York, on which the defendant Annan was taken, but which, as to the defendant Embury, was also returned not found. This action is brought charging the defendant as bail. The answer sets up as a defence the taking of the defendant Annan's body in execution, and insists that it is a satisfaction and discharge of the judgment. The cause was tried before Mr. Justice LOTT without a jury at the January circuit, 1862, in Kings county, where the foregoing facts were proved or admitted. Judgment was rendered for the plaintiff for $635, besides costs, upon which judgment was entered, and the defendant appealed.

In *Wakeman & Andrews* agt. *Lyon & Evans*, (9 *Wendell*, 241,) it was decided that a plaintiff in a judgment who had taken notes as collateral security for its payment cannot maintain an action upon the notes, if, after he took the same, he issues an execution and imprisons the defendant in the judgment. Lyon was the judgment-debtor, and the notes in suit were made by Evans and him as collateral security for the payment of the debt. The action upon the notes was a joint action, and whatever was a good defence to Lyon was also good as to Evans. The former was already in execution upon the judgment, and if the action could have been maintained, there would have been two judgments against him upon the same cause of action. The court, therefore, held that the right of action upon the notes was suspended so long as the judgment-debtor remained in custody upon the execution, which, *pro hac vice*, was to be deemed a satisfaction of the debt which the notes were given to secure. To the same effect is the case of *Sunderland* agt. *Loder, impleaded with Lockwood*, (5 *Wend.*, 58.) Lockwood was the judgment-debtor, and Loder had given a bond as collateral security to stay the execution. The court here distinguish between cases when there are seve-

ral defendants all liable for the judgment debt, and cases where there is but one judgment-debtor, and another person or persons liable upon a collateral undertaking. The latter are not liable to an action, while the person of the judgment-debtor is in custody in satisfaction of the judgment; while in the case of a judgment against several defendants, the taking of one does not affect the plaintiff's right to pursue the others until there is a payment in fact. This is said to be a qualification of the general rule, that a *capias ad satisfaciendum* is an execution, and a full satisfaction by force and judgment of law. (*Vide also Chapman* agt. *Hatt*, 11 *Wend.*, 41.) The theory of the defendant is, that where there are several defendants liable to imprisonment in satisfaction of the debt, the taking of one upon the execution is a satisfaction for the time being as against the others. This is not the law. The plaintiff has the right to take the persons of all the defendants in satisfaction of his judgment, and this carries with it the right to proceed against the bail of one as to whom there may be a return of *non est inventus*. The point in regard to the sufficiency of the affidavits upon which the order of arrest was granted, taken at the time of the trial, seems to have been abandoned on the argument, and I forbear to consider it.

The judgment should be affirmed.