CHARLES M. GOFF, AS RECEIVER, ETC., OF JOHN CRAVEN, RESPONDENT, v. CATHARINE CRAVEN, APPELLANT.

*Trover — a judgment and an imprisonment thereunder without satisfaction does not vest title to property in a wrong doer.*

The plaintiff, who had been appointed a receiver of one John Craven in supplementary proceedings, brought an action of trover against him to recover a watch chain which he had refused to deliver to the plaintiff. A judgment was recovered by the plaintiff in that action on June twenty-fifth; and on July first Craven was arrested on an execution issued thereon and committed to jail, where he remained for thirty days when he was discharged. On July first Craven delivered the chain for safe keeping to the defendant, his mother, against whom, upon her refusal to deliver it to him, this action of replevin was brought by the receiver.

*Held*, that he was entitled to recover; that the recovery of the judgment in the action of trover brought against the son, and his imprisonment thereunder without actual payment or satisfaction, were not sufficient to change the title of the chain from the plaintiff to him, and that as the son had no title thereto he could confer none upon the defendant.

APPEAL from a judgment of the Lewis County Court, affirming a justice's judgment for seventy-five dollars damages and costs.

The action was brought to recover a gold watch chain alleged to have been converted by the defendant. The plaintiff was appointed a receiver of John Craven, a son of defendant, in supplementary proceedings instituted against him. By virtue of such appointment he became vested with the title to the said property and demanded the same of the said Craven who refused to deliver it up, and for such refusal the plaintiff as receiver recovered a judgment against John Craven for the value of the property. On that judgment an execution was issued and John Craven was arrested and lodged in the Lewis county jail on the 1st day of July, 1880, and there remained for thirty days when he was discharged under the statute, but without at any time paying the judgment or the value of the property, and nothing was actually collected on the judgment. On the first day of July John Craven delivered the property to his mother, the defendant and appellant, for safe keeping. On the third of July the plaintiff as receiver, duly demanded the property of defendant, but she refused to deliver the same to the plaintiff as receiver, but instead delivered it to her son John Craven. Thereupon this action

was brought against her and a recovery had thereon after the son's discharge from such imprisonment. The defendant, in her answer, claimed that what she did as to the property was done at the direction of John Craven, who owned it, and that she held it as his bailee.

*Walter Ballou,* for the appellant.

*J. A. Wormouth,* for the respondent.

HARDIN, P. J.:

Upon the appointment and qualification of the plaintiff as receiver of John Craven he became vested with the title to the property in question, and the right to take the same into his possession to sell the same for the purpose of satisfying the debt of John Craven. Therefore the demand and refusal by John Craven gave the plaintiff as such receiver a good cause of action against John Craven. Had he actually paid that judgment the title would, *eo instanti,* have passed from the receiver to John Craven, and he and any bailee of his would have been entitled to have and hold the property. Until such actual payment of the judgment so recovered against John Craven the title to the property remained in the plaintiff as receiver, and he was entitled to have the possession of the property for the purpose of realizing out of it the debt of Craven, the judgment debtor, and the defendant in the judgment in trover. (*Ball* v. *Liney,* 48 N. Y., 6; *Thurst* v. *West,* 31 id., 210; *Brinsmead* v. *Harrison,* L. R., 6 C. P., 584; affirmed, 7 id., 547; Freeman on Judgments, § 257.)

Appellant's learned counsel insists that the demand and refusal, on the third day of July, of the property from the defendant here was not good, because her son was then in prison. He cites in support of his position *Bank of Beloit,* v. *Beale* (34 N. Y., 473). That was the case of a vendor who had been defrauded in the sale of his goods, and who had procured a judgment against the vendee *upon the contract of sale,* after being fully apprised of the fraud, and it was held that his election was determined and that he could not follow the goods, or the proceeds thereof, into the hands of third persons, on the ground of fraud. That case differs from the one before us, as here no contract of sale has been affirmed. He also cites *Koenig* v. *Steckel* (58 N. Y., 475), where it was held

that while an imprisonment continues no action can be maintained by the judgment creditor against one standing as surety for the debtor, or to enforce collateral securities held for the payment of the judgment. That did not involve the title to personal property, and presented a different question from the one before us. While a debtor is imprisoned he or his sureties may not be subjected to additional actions. That case is consistent with *Sunderland* v. *Loder* (5 Wend., 58), followed in *Wakeman* v. *Lyon* (9 Wend., 241), where it was held that an action on a bond collateral to a judgment on which a debtor was imprisoned could not be maintained while the imprisonment continued. In the case in hand it would be absurd to say the property, the title to which was in the plaintiff, was held as collateral to the judgment against John Craven. He had committed a wrong, and for that a money judgment had been recovered, and until he actually satisfied that judgment no good reason can be given for saying that the title passed from the plaintiff to the wrong-doer. He therefore had not acquired title to the property when he put it in the custody of his mother, the defendant here.

Before title passes by operation of law upon the recovery of a judgment in trover there should be satisfaction. Such was assumed to be the rule by JOHNSON, J., in *Thurst* v. *West* (31 N. Y., 215). He there cites approvingly in support of the doctrine *Osterhout* v. *Roberts* (8 Cow., 43). *Chapman* v. *Hatt* (11 Wend., 41) did not involve the point presented in the case before us.

In *Osterhout* v. *Roberts* (*supra*) it was said by WOODWORTH, J.: "I think actual satisfaction is necessary to change the property. Here there was a failure of satisfaction ; for it is manifest the defendant in the former suit never paid the recovery. His imprisonment was no compensation, but the means resorted to in order to compel it." *Cohn* v. *Goldman* (43 N. Y. Supr. Ct. [11 J. & S.], 446) contains an approval of the case of *Osterhout* v. *Roberts* (*supra*). The case was, however, reversed upon another point in 76 New York, 284. *Sheldon* v. *Kibbe* (3 Conn., 214) seems to approve the doctrine of *Osterhout* v. *Roberts*, and in *Lovejoy* v. *Murray* (3 Wall., 15) MILLER, J., apparently reaffirms the doctrine of *Osterhout* v. *Roberts* (*supra*), and cites other cases to the same effect. We therefore follow that case and approve of the reasoning of the county

judge in his opinion, and approve of the conclusion reached by him, viz., that the imprisonment, without actual payment or satisfaction, was not sufficient to work a change of title from the plaintiff to John Craven, the wrong-doer. As he had no title to the property he could confer none upon the defendant, and when the plaintiff demanded possession of the property the defendant was without any title or right of possession and should have delivered it to the plaintiff. Because she refused she committed a wrong, a conversion of the property, and the justice properly rendered judgment against her, and the County Court was right in affirming the same

The judgment should be affirmed, with costs.

FOLLETT and MERWIN, JJ., concurred.

Judgment of Lewis County Court affirmed, with costs.