John J. Russell, as Administrator, etc., Appellant, *v.* Laura
S. McCall, as Executrix, etc., et al., Respondents.

While, upon the death of one of two co-partners, the successor has the
legal title to the firm assets, he does not become the full and absolute
owner thereof, but holds them charged with a duty to pay the firm
debts and to dispose of the residue for the benefit of himself and the estate
of the deceased partner, and when, instead of gathering the assets, pay-
ing the debts, winding up the business and distributing the surplus, he
misappropriates them and converts them to the use of himself and
others, he is so far guilty of a breach of trust that a court of equity may
give appropriate relief.

Where the surviving partner has thus misappropriated the assets and an
equitable action has been brought against him by the personal repre-
sentatives of the estate of the deceased partner, and a judgment obtained
therein for an accounting and payment of the amount found due the
estate, this, unless the amount so found due is paid, is not a bar to an
action against others who, by intermeddling with the assets and sharing in
the misappropriation, have rendered themselves liable therefor as trus-
tees *de son tort*. Until satisfaction of the judgment it gives the surviv-
ing partner no greater rights over the assets than he had before its
rendition.

*Fowler* v. *Bowery Sav. Bank* (113 N. Y. 450); *Terry* v. *Munger* (121 id.
161), distinguished.

Each one of the several wrongdoers is severally liable for the full amount of the misappropriation.

Where, therefore, after judgment against the surviving partner alone, a joint action was brought against him and other wrongdoers who had participated in the misappropriation of the firm assets, *held,* that the former judgment was a bar as to him, but was no defense as to those not previously sued.

In the subsequent action it was decided that the judgment against the surviving partner was conclusive against the plaintiff as to the amount and value of the assets, but was no evidence against the defendants other than said partner. *Held,* no error.

In the action against the surviving partner it appeared that there was a disputed claim against the firm in favor of one who had shared in the misappropriation of the firm assets, and the amount thereof was required to be deposited in a trust company, to pay such claim if it was established, but no such deposit was in fact made. *Held,* in the subsequent action against the other wrongdoers, that no one of the defendants was entitled to be credited with the amount so ordered to be deposited; that the fact that one of the defendants claimed to be a creditor of the old firm was not a defense, as he could not, by his illegal interference with the assets, pay his claim, nor had he the right to take possession of the property for that purpose.

The deceased partner died in 1880. In that year the action against the surviving partner was commenced, The litigation was not concluded until the latter part of the year 1886. Early in the year 1888 the action against all the wrongdoers was commenced. *Held,* that a refusal to dismiss the complaint on the ground of inexcusable *laches* was proper; that the record disclosed reasonable cause for the delay.

A receiver was appointed in the first action, who sold the remaining firm assets, and by order of the court deposited the proceeds, subject to further directions. In the second action the trial court, instead of rendering an interlocutory judgment and sending it to a referee to inquire as to how much was left of the sum so deposited, over and above expenses, took the evidence upon that point and directed final judgment. *Held,* no error.

*Russell* v. *McCall* (68 Hun, 44), reversed.

(Argued February 7, 1894; decided February 27, 1894.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made March 17, 1893, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial.

For some time prior to Feb. 21, 1880, one Schamu M.

Moschcowitz and Miss Mary A. Russell were partners with equal interest in the dress-making business in New York city, under the firm name of Moschcowitz & Russell, having a place of business in Fifth avenue.

On the day mentioned Miss Russell died in New York and left a will, which was subsequently duly proved, in which she appointed her sister, Elizabeth L. Russell, executrix thereof, who subsequently duly qualified.

At the time of this death the partnership had large assets, consisting of stock in trade, accounts and an unexpired term in the real property in Fifth avenue, where the business had been carried on.   The surviving partner took possession of the firm assets and continued the business until May 1, 1880, at which time it was ascertained by him and James McCall that the assets of the late firm amounted to a little over $51,000 above all liabilities, and all the liabilities of the late firm were paid and discharged, except a claim made against it by one Herman Moschcowitz, a brother of Schamu, which claim was not admitted, but provision for it was made in the judgment hereafter referred to.   In May, 1880, Schamu Moschcowitz and James McCall formed a partnership, under the name of Moschcowitz & Russell, for carrying on the same kind of business at the same place as the late firm.   The capital upon which this new firm carried on the business consisted solely of the assets and good will of the late firm.   Of this fact James McCall had at all times full knowledge.   This capital was used by the new firm for their own purposes, and no part was paid over to the representative of the deceased partner.

This new firm continued business until Jan., 1881, when a new partner was added in the person of the brother Herman, and the firm name was changed to that of Moschcowitz Brothers.   The sole capital of this firm consisted of the assets, proceeds of assets and good will of the old firm of Moschcowitz & Russell, of which Miss Russell was a partner when she died.   Of this fact all members of the firm had full knowledge, and the two firms appropriated to their own use all the

surplus assets belonging to the old original firm. In Feb., 1882, McCall commenced an action to wind up the affairs of the partnership of Moschcowitz Brothers, and on March 10, 1882, Schamu M. Moschcowitz was appointed receiver of all its assets. The case proceeded to judgment declaring the partnership, and ordering a reference to take an account, etc. The receiver sold assets and realized some $7,000, which were, by order, deposited in a trust company, subject to further directions.

In Oct., 1880, the executrix of the late partner commenced an action against the survivor for an accounting, and in the complaint it was alleged that the defendant had then received sufficient assets to have paid off all its debts and have closed up the business, but that he had neglected to do so, and had continued in possession of the real estate, and carried on the same kind of business theretofore conducted in the lifetime of Miss Russell, and that he used the assets and property of the late firm in his business, and made no effort to sell or dispose of the same, except in the course of his business, and that he had then in his possession, unsold and undisposed of, the greater part of the assets and property of the late firm, which were becoming constantly less and less valuable. The plaintiff asked for an accounting and a judgment in her favor for the amount that might be found due, and that a receiver might be appointed, and the defendant restrained from continuing the business and from using the old firm name. Issue was joined and the case tried, and upon the accounting the amount of the plaintiff's interest as executrix in the assets of the late firm was determined, and a judgment entered personally against the survivor, and a proviso made therein for his paying to a trust company an amount sufficient to pay any claim that Herman Moschcowitz might establish against the late firm. Judgment for the balance of some $14,000 was given, but on appeal to the General Term that balance was reduced to a small sum of between three and four hundred dollars. This judgment as modified has never been satisfied, nor has the surviving partner ever complied with its terms by making the

deposit provided for thereby. The judgment as modified by the General Term was entered in Oct., 1886. In 1888 the executrix of the deceased partner commenced this action, and, having since died, the plaintiff has been appointed administrator of the estate of the deceased partner, with the will annexed, and as such has been substituted as plaintiff. The action is against the survivor, Schamu M. Moschcowitz, both individually and as receiver of the firm of Moschcowitz Brothers, also against Herman Moschcowitz, and Laura S. McCall as executrix of the will, etc., of James McCall, deceased, the partner in the two firms already mentioned.

The plaintiff in the complaint alleged, upon information and belief, the facts above detailed as to the formation of the firms and their use of the assets of the late firm.

A claim was also set up therein of a lien in favor of the plaintiff, upon the amount of money paid into the trust company by the receiver of Moschcowitz Brothers, after expenses of its administration, which claim of lien was founded upon the allegation that the money represented the proceeds to that extent of the assets of the old firm. Judgment against all the defendants was asked for the amount of the judgment against Schamu M. Moschcowitz already recovered, and also for an injunction restraining defendants from interfering with the fund on deposit, or the other assets.

The Moschcowitz Brothers answered, and, among other things, alleged the commencement of the action against Schamu and the judgment therein, and claimed that the plaintiff was not entitled to another judgment against the defendants, or any of them, for the amount of assets that came into their hands, or for any other sum whatever. Laura McCall answered and denied the allegations of the complaint, set up the defense that the assets of the firm had been disposed of by the survivor under the permission of the executrix of the deceased partner, and that for her interest in the assets she had recovered a judgment against the survivor, and that the assets had been lawfully disposed of by him. Also, that all the moneys, assets, etc., claimed to be recovered in this action, were in the

custody of the Court of Common Pleas, and that the defendant was entitled to the whole of them. It also appears that, at the time of the death of Miss Russell, James McCall was a creditor of the firm to the amount of some $18,000. That sum was paid during the subsequent time by reason of transactions of McCall with the succeeding firms, by which it is claimed that he became their creditor to the extent of over twenty thousand dollars. Schamu M. Moschcowitz always denied that McCall was ever a partner in either firm, although the fact was otherwise found in the suit which McCall instituted to dissolve the partnership.

Upon the trial it was found, in addition to the foregoing facts, that the estate of McCall was in no event liable to Herman Moschcowitz by reason of any claim he might have against the old firm in which Miss Russell was a partner. Judgment was ordered in favor of plaintiff and against defendant McCall for the amount of the share of the assets of the old firm due plaintiff as administrator, with interest and costs. No further personal judgment was given against Schamu M. Moschcowitz and none was given against Herman Moschcowitz. No one but the defendant McCall appealed from the judgment. Upon her appeal the General Term of the Supreme Court reversed the judgment upon the facts as well as upon the law and granted a new trial, and the plaintiff has appealed from that order, giving the usual stipulation for judgment absolute against him in case the order be affirmed.

*Peter A. Hendrick* for appellant. The executrix of Mary A. Russell, deceased, apart from the question of her knowledge, did not, by the commencement of her action for an accounting against Schamu M. Moschcowitz, the surviving partner of the firm of Moschcowitz & Russell, thereby elect to look to such surviving partner alone, nor by the money judgment recovered therein is she estopped from maintaining an action to recover the value of the surplus assets of such firm, which the said McCall and Moschcowitz had jointly and wrongfully appropriated to their own use. ( *Williams* v. *Whedon,*

109 N. Y. 333 ; *Loesvhigh* v. *Hatfield*, 5 Robt. 26 ; *Cushman* v. *Addison*, 52 N. Y. 628 ; *Fowler* v. *B. S. Bank*, 113 id. 450 ; *Lord* v. *Tiffany*, 98 id. 413 ; *Sessions* v. *Johnson*, 95 U. S. 347 ; *Lovejoy* v. *Murray*, 70 id. [3 Wall.] 129 ; *Sturtevant* v. *Waterbury*, 2 Hall, 449 ; *Drake* v. *Mitchell*, 3 East, 285.) The doctrine of election of remedies has no application to the facts existing in this case. (*Terry* v. *Munger*, 121 N. Y. 161.) While the law governing the rights of partners in case of death of one vests all the property in the survivor for a specific purpose, it does not preclude the plaintiff from maintaining this action, notwithstanding the fact of the recovery of the judgment against Moschcowitz. ( *Williams* v. *Whedon*, 109 N. Y. 238 ; *Knox* v. *Gye*, L. R. [5 Eng. & Ir. App.] 636 ; Lindley on Part. 524 ; *Vyse* v. *Foster*, L. R. [7 H. L. Cas.] 318 ; L. R. [8 Ch. App.] 323 ; *Travis* v. *Milne*, 9 Hare, 141.) This action is brought against Schamu M. Moschcowitz individually and as receiver of the firm of Moschcowitz Brothers, Herman Moschcowitz and Laura S. McCall, executrix of James McCall, deceased, to reach a fund in the hands of such receiver, alleged to be the proceeds of the sale of property belonging to the original firm of Moschcowitz & Russell, and to have the claim of the representative of the deceased partner declared a lien thereon, and for such other and further relief as to which such representative might be entitled. To this form of action all the above named were proper parties defendant. ( *Wilkinson* v. *Henderson*, 1 Myl. & K. 582 ; *McDonald* v. *Richardson*, 1 Giff. 81 ; 1 Lindley on Part. 199 ; *Pope* v. *Cole*, 55 N. Y. 124 ; *Richter* v. *Poppenhausen*, 42 id. 373 ; *F. N. Bank* v. *Morgan*, 73 id. 593 ; *Ferris* v. *Van Vechten*, 73 id. 113 ; *Brewer* v. *Gillett*, 115 id. 10.) To invoke the aid of the doctrine of election of remedies, knowledge by the party against whom the election is claimed must be proved. (*Conrow* v. *Little*, 115 N. Y. 387 ; *E. C. F. Co.* v. *Hersel*, 103 id. 25 ; *Hays* v. *Medas*, 104 id. 602 ; *Terry* v. *Munger*, 121 id. 161 ; *Stewart* v. *Moss*, 79 id. 629.) The court at Special Term did not err in taking proof of the amount of money in the receiver's hands over and

above the liabilities owing by him. (*Glening* v. *Stedwell*, 64 N. Y. 120; *Rice* v. *Ehile*, 55 id. 218; *McCulloch* v. *Dobson*, 133 id. 114; *Coffin* v. *Lester*, 36 Hun, 347.) The evidence sustained the findings of the Special Term, and did not warrant the General Term in reversing the judgment upon questions of fact. (*Baird* v. *Mayor, etc.*, 96 N. Y. 567; *Devlin* v. *G. S. Bank*, 125 id. 756; *Travis* v. *Travis*, 122 id. 449; *Nostrand* v. *Knight*, 123 id. 614; *Aldridge* v. *Aldridge*, 120 id. 614; *Burnap* v. *N. Bank*, 96 id. 125; *Ostrander* v. *Hart*, 130 id. 406; *Gilman* v. *Prentice*, 132 id. 488.)

*George Hoadly, Barclay E. V. McCarty* and *Henry L. Scheuerman* for respondent. The representative of the deceased partner, by prosecuting an action for her decedent's share of the partnership assets to judgment against the survivor Moschcowitz alone, is barred from suing the surviving partner again, joining McCall with him upon the same cause of action. (*Harrington* v. *Keteltas*, 92 N. Y. 40; *Loomis* v. *Armstrong*, 63 Mich. 355, 361; *Williams* v. *Whelan*, 109 N. Y. 333; *Preston* v. *Fitch*, 137 id. 41; *Ferris* v. *Van Vechten*, 73 id. 113; *Barker* v. *Barker*, 14 Wis. 142; *Mayor* v. *Le Clair*, 11 Wall. 217; *Crook* v. *F. N. Bank*, 83 Wis. 31; *A. Co.* v. *May*, 82 Ga. 646; *Terry* v. *Munger*, 121 N. Y. 161; *Scarf* v. *Jardine*, L. R. [7 App. Cas.] 345; *Conron* v. *Little*, 115 N. Y. 387; *Moller* v. *Tuska*, 87 id. 166; *Rodermund* v. *Clark*, 46 id. 354; *Morris* v. *Rexford*, 18 id. 552; *Bank of Beloit* v. *Beale*, 34 id. 473.) The plaintiff's right of action herein is merged in the judgment recovered against Moschcowitz, the survivor. (1 Bates on Part. § 535; *Robertson* v. *Smith*, 18 Johns. 459; *Pierce* v. *Kearney*, 5 Hill, 82; *Olmstead* v. *Webster*, 8 N. Y. 413; *Suydam* v. *Barber*, 18 id. 468; *Candee* v. *Smith*, 93 id. 349; *R. L. R. Co.* v. *Roach*, 97 id. 378, 382; *U. S.* v. *Ames*, 99 U. S. 35; Story on Bills, § 428.) The representative of a deceased partner who sues a survivor and recovers a personal judgment for the value of the interest of the decedent is estopped to deny that the assets became the survivor's, and

can make no claim against any person who took title to such
assets under him. (*Preston* v. *Fitch*, 137 N. Y. 41; *Egberts*
v. *Wood*, 3 Paige, 517; *Knox* v. *Gye*, L. R. [5 Eng. & Ir.
App.] 656.) The plaintiff being fully cognizant of the uses
made of the partnership assets by Moschcowitz and McCall at
and after the time of their appropriation, and choosing to remain
inactive and non-assertive of her claims for eight years, is barred
from recovery by *laches* and acquiescence. (*Calhoun* v. *Mil-*
*lard*, 121 N. Y. 69; *Sullivan* v. *P. & K. R. R. Co.*, 94 U. S.
806; *Badger* v. *Badger*, 2 Wall. 87; *Brown* v. *County of*
*Buena Vista*, 95 U. S. 157; *Godden* v. *Kimmell*, 99 id. 201;
*Coddington* v. *Railroad Co.*, 103 id. 409; *B. & P. R. R. Co.*
v. *N. Y. & N. E. R. R. Co.*, 13 R. I. 260, 266; High on
Receivers, § 14; Pom. Eq. Juris. §§ 418, 815, 817.) It hav-
ing been adjudged between the representative of the deceased
partner and the survivor that the decedent's share of the part-
nership assets amounted to $435.49, the representative of the
decedent can recover no larger sum than the amount of her
determined interest. (Pom. Eq. Juris. § 1243; *Williams* v.
*Whedon*, 109 N. Y. 333; *Nicoll* v. *Mumford*, 4 Johns. Ch.
522; *Murray* v. *Fox*, 39 Hun, 108; 104 N. Y. 382; *Skid-*
*more* v. *Collier*, 8 Hun, 50; *Wickliffe* v. *Eve*, 17 How.
Pr. 467.) The judgment recovered by the plaintiff against
Schamu M. Moschcowitz has no binding effect upon McCall's
representative to determine the value of the assets that came
into McCall's hands. (Whart. on Ev. § 760; *Dolbeer* v. *Stout*,
139 N. Y. 486; *Bissell* v. *Kellogg*, 65 id. 432; *McMahon* v.
*Macy*, 51 id. 155; *Stephens* v. *Fox*, 83 id. 313; *Orthwein* v.
*Thomas*, 127 Ill. 554; *Gilman* v. *Healy*, 46 Hun, 310; *Fon-*
*taine* v. *Hudson*, 93 Mo. 62.) The recovery at Special Term
cannot be upheld. (*Ferris* v. *Van Vechten*, 73 N. Y. 113;
*Cavin* v. *Gleason*, 105 id. 256; *Holmes* v. *Gilman*, 138 id.
369; Bates on Part. § 740.) The learned trial justice erred
in making the additional findings of fact and conclusions of
law, based on the additional testimony erroneously taken at
the hearing regarding the settlement of the judgment. (*Gor-*
*merly.* v. *McGlynn*, 84 N. Y. 284; *Fairman* v. *Brush*, 60

Hun, 442; *In re Bayer,* 54 id. 189, 191; *Berdell* v. *Berdell,* 33 id. 535, 536; *F. N. Bank* v. *Levy,* 41 id. 461; *Palmer* v. *P. Ins. Co.,* 22 id. 224; *Moores* v. *Townshend,* 102 N. Y. 387, 392.) If it appears that the Special Term committed any error to which an exception was taken to the detriment of the respondent, this order granting a new trial must be sustained; it is not to be reversed except upon the showing that the Special Term was free from all error. (*Reed* v. *McConnell,* 133 N. Y. 425.)

PECKHAM, J. The judgment which the plaintiff obtained in this action at Special Term is here assailed by the counsel for the defendant, Mrs. McCall, upon several grounds that will be alluded to in their order.

*First.* The defendant claims that the executrix of Miss Russell, by commencing her action against the surviving partner to recover the decedent's share of the partnership assets and in prosecuting the same to judgment, is barred from suing the surviving partner again, and joining with him Mrs. McCall upon the same cause of action. It is now asserted by counsel for defendant McCall that when the other action was commenced the executrix knew all the facts connecting McCall with the misuse or misappropriation of the assets of the partnership. The Special Term did not find that she was ignorant, and on the other hand it refused the defendant's request to find that she had at that time full knowledge of these facts. The General Term said that it could not be found, in view of the plaintiff's allegations in the suit against the surviving partner, that she was ignorant of his misappropriation of the assets when she commenced her suit against him and yet (the court says) in the face of such allegations in her complaint the plaintiff took a personal judgment against the survivor for the value of her share therein, the result of which the court holds was to bar the plaintiff from impeaching the title of any one who came into possession of the assets through the surviving partner. Whichever way the fact might be determined we think it is immaterial in this

case, and for the further discussion of this point we will assume full knowledge on the part of the executrix of all the facts at the time she commenced her action against the survivor. In that case we think there was no election of inconsistent remedies such as should bar this action.

Upon the death of Miss Russell, the surviving partner, Moschcowitz, had certain powers, rights and obligations granted to and placed upon him by reason of such death. He had the legal title to the assets and he held them as the legal owner, and not as trustee, in the strict sense of that term. In equity, however, he was to be regarded to some extent as a trustee, and his duty was to pay the debts and dispose of the assets of the partnership for the benefit of himself and the estate of the deceased partner. (*Case* v. *Abeel*, 1 Pai. 393; *Williams* v. *Whedon*, 109 N. Y. 333; *Preston* v. *Fitch*, 137 id. 41, 56.) The position is somewhat anomalous, not exactly and wholly a trustee, and yet not a full owner of the assets which he takes or retains possession of by reason of survivorship. The duties spoken of he owes the estate of the deceased partner, and when, instead of gathering in the assets, paying the debts, winding up the business and distributing the surplus, he misappropriates the same and converts them to his own use and that of others with him, he is so far guilty of a breach of trust that a court of equity will, when called upon, intervene and give appropriate relief.

This was the object of the first action. The court was asked to decree an accounting, and as a ground for the request it was alleged that the defendant was violating his duty, converting the assets to his own use in his own business and failing to apply them to the payment of the debts of the partnership. Judgment was asked for the amount which might be found due upon such accounting. In all this there was nothing inconsistent with the cause of action set forth in the complaint now under review. Even in equitable actions of account, it frequently, if not generally, results that a pure and simple money judgment will be entered against the defendant. The inquiry by means of an account is proceeded with and the result being

determined, if it show an amount due the plaintiff, a judgment therefor may properly be entered. (1 Pom. Eq. Jur., third clause, § 110; Id. § 140; 3 Id. § 1421.) But this kind of a judgment is not in the least inconsistent with the the right to pursue other wrongdoers who, by intermeddling with the property and assets of the estate, have rendered themselves liable as trustees *de son tort* for the wrong done. (1 Perry on Trusts, § 245; *Flockton* v. *Bunning*, cited in note to *Vyse* v. *Foster*, L. R. [8 Ch. App.] 309 at 323; Lindley on Part. 531.)

The survivor of the partnership did not become the full and absolute owner of its assets upon the entry of the personal judgment against him, nor was there any election on the part of the plaintiff by reason of that fact to look only to the one wrongdoer when there were others equally liable. If the personal judgment were paid, then indeed the plaintiff's rights and equities in the property would be changed and he would be precluded from any further claim upon it. Until satisfaction of that judgment, however, the plaintiff could not be barred from further efforts to obtain relief against other wrongdoers. Even in an action of trover for the conversion of a chattel, a judgment unsatisfied does not change the title to the property and is no bar to an action against any one of the other wrongdoers. (*Osterhout* v. *Roberts*, 8 Cow. 43; *Sessions* v. *Johnson*, 95 U. S. 347, 349.) And by subsequently suing other wrongdoers who had wrongfully interfered with the property, it is not a following of trust funds into other property in which they have been invested, within the rule on that subject as claimed by defendant's counsel and of which *Ferris* v. *Van Vechten* (73 N. Y. 113) is an example. There is no inconsistency in holding the trustee personally responsible, and also pursuing other wrongdoers and seeking relief against them as trustees *de son tort* by way of damages for the same wrong.

It is true that one cannot recover the purchase price of land and the land too. If one choose to hold his trustee for the amount of the price he received for trust property wrongfully sold, it may well be that the plaintiff thereby affirms the sale

and seeks to recover the price. This is no such case. The plaintiff does not seek to hold the property which has been substituted in place of trust funds and to hold the trustee also. There has been no substitution of trust property, but the funds themselves have been converted by the survivor and others to their own use, and the plaintiff asks to recover damages for that wrong. Because the survivor was proceeded against alone, and a personal judgment recovered against him which has not been satisfied, furnishes no evidence of an election of inconsistent remedies to the extent of freeing the other wrongdoers from the consequences of their wrong.

The cases cited by defendant's counsel, of which *Fowler* v. *Bowery Savings Bank* (113 N. Y. 450) and *Terry* v. *Munger* (121 id. 161) are examples, are not in point. In the former action the plaintiff, by commencing his action against the person to whom the defendant bank had paid the money, affirmed the validity of the payment and sought to recover its amount from him. After failing to recover the amount on a judgment entered against him, the plaintiff then commenced his action against the bank and sought to recover from it on the ground that the bank had never made a valid payment of its debt. We held the plaintiff had made an election to consider the payment made by the bank to the third person as a valid payment of such debt so far as the bank was concerned, and the plaintiff ratified it by commencing the suit.

In *Terry* v. *Munger* the owner of the property elected to treat its conversion as a sale and commenced his action accordingly. It was held he could not thereafter commence an action against others in which his cause of action was founded upon the conversion instead of the sale of the same property upon the same occasion and in the same transaction. In all the cases cited there is an element of inconsistency involved in which the plaintiff seeks to occupy with reference to the same transaction and upon the same facts, a position which is antagonistic with one already taken by him. I can see none such in this case. He took no position, proved no fact, asked for no relief in the first case which is in any way inconsistent

with the position he now assumes, unless it be said that the recovery of the personal judgment has effected this great change. For the reasons already given, I do not think it has.

The failure to have a receiver appointed in the first suit is, as it seems to me, immaterial. The point is that no absolute right to these assets, freed from any duty with regard to them, was ever transferred to the surviving partner by reason of the mere entry of this personal judgment so long as it remained unsatisfied. Nor are the other defendants absolved by any such reason from answering to the plaintiff for what would otherwise be a conceded wrong. No cause of action against them for such a wrong was waived or in any wise affected by the plaintiff's effort to recover the value of the assets which the survivor had misappropriated, or shared with others in misappropriating. It was simply a separate proceeding against one wrongdoer, and no satisfaction.

In this case the survivor has in fact never transferred the assets to others. He has simply shared with others in the misappropriation of the firm assets, and I can see no principle upon which a proceeding against one of the wrongdoers should be regarded as an election to dismiss the others from all liability arising out of the same wrong. Under these circumstances the defendant can obtain no consolation from the entry of that judgment.

*Second.* The defendant also objects that the plaintiff's right of action was merged in the judgment recovered against the surviving partner.

Where there is a joint indebtedness (not a joint and several) a judgment recovered against one of two or more joint debtors merges the original debt in the higher security of the judgment, and no action can thereafter be maintained against any of the other defendants, even though no satisfaction is received of the judgment against the one debtor. (*King* v. *Hoare*, 13 M. & W. 494; *Olmstead* v. *Webster*, 8 N. Y. 413; *Candee* v. *Smith*, 93 id. 349, 352, and cases cited; *Mason* v. *Eldred*, 6 Wall. 231.) But a judgment against one wrongdoer unsatisfied is not a bar to the maintenance of an action against the

others. (*Livingston* v. *Bishop*, 1 Johns. 290; *Osterhout* v. *Roberts*, 8 Cow. 43; *Lovejoy* v. *Murray*, 3 Wall. 1, where Mr. Justice MILLER reviews the cases; *Sessions* v. *Johnson*, 95 U. S. 347, 348.) By taking judgment against the survivor the plaintiff did not make the partnership assets the absolute property of the survivor free from any duty on his part regarding them. Nor did he thereby vest in such survivor a legal right to convert those assets and apply them to his own use, or to transfer them to a mere volunteer free from all liability to the estate of the deceased partner. Until the judgment against the surviving partner was satisfied he took no further or greater right to the assets than he had before. Of course, as survivor and originally he could sell or mortgage them or otherwise dispose of them for the purpose of paying the debts and winding up the affairs of the partnership and making distribution of the surplus, but I think the entry of the judgment gave him no greater rights over the assets of the partnership than he had before. Satisfaction of the judgment was necessary for that result.

*Third.* The defendant also objects that even if the parties were all wrongdoers in such manner as to render them jointly and severally liable, then the judgment against Schamu M. Moschcowitz, one of the wrongdoers, is a bar to an action against all of them, on the ground that pursuing one of the parties severally is an election to sever the joint liability, and it cannot be revived. Counsel cites *Sessions* v. *Johnson* (95 U. S. 347); Daniel on Negotiable Instrmts. (sec. 1296), and Story on Bills (sec. 428), as authority for his contention, and he urges that this is a matter which the party who has not before been sued can take advantage of, because the plaintiff has elected a different remedy which operates as a general bar to the maintenance of the action.

The principle claimed is applied in the two above-cited works upon negotiable paper to contracts of a joint and several nature, while in the case of *Sessions* v. *Johnson* (*supra*) the court, in deciding another matter, asserts the principle that a party who sued any one of several wrongdoers and had

judgment could not afterwards seek his remedy in a joint action
against all, because the prior judgment against one was in con-
templation of law an election on his part to pursue his several
remedy.    Where there is a joint and several contract it is held
that the plaintiff may sue jointly or severally, but he cannot
do both, and the pendency of one suit may be pleaded in
abatement of the other.    In such case there is, it is said, an
election as to which character of the expressed contractual
obligation the party will enforce.    (*Ex parte Rolandson*, 3.
P. Wms. 405 ; 5 Robinson's Prac. 823.)    In the P. Williams.
case above cited it is stated in a note (page 405) that if
three are bound jointly and severally . the obligee can-
not sue two of them jointly, for this is suing them neither
jointly nor severally.    In regard to the liabilities of joint
and several tort feasors the law is not so clear.    I think
there is a radical difference in principle between a joint and
several obligation evidenced by an expressed contract or aris-
ing by implication from the facts proved, and a joint and
several liability on the part of several tort feasors.    A joint
and several obligation based on a note, bond or other written
contract, or one arising out of an implied contract, is a well-
known kind of obligation, and its legal meaning has come to
be that each one is liable to a separate suit, or that all are
liable to a joint suit, and in no other way can they be held.
This is known as part of the obligation they entered into.
But a joint and several liability, arising out of a particular
wrong having been done the plaintiff by several wrongdoers,
is not so precisely limited.    Thus, Cooley says that in such case
more than one and less than all may be sued.    (Cooley on
Torts, 133.)    And in suing less than all it is not an election
to take one of two remedies which the defendants have by
their contract consented to give the plaintiff his choice of,
but have not consented to give both.    It is the pursuit of
certain of the wrongdoers who are in any event liable, and if
unsuccessful in obtaining satisfaction the right remains to
pursue others, although in each case the defendants chosen
may have been more than one and less than all the wrong-

doers, and so the remedy may have been strictly neither joint nor several, as that term is applied to cases of joint and several contractors. Hence, when, subsequent to the first action, the plaintiff commences one against all of the wrong-doers, he has not lost the right to maintain it by reason of an election to waive such a remedy, but he has lost it only as against those whom he has already sued, and he has lost it in their case only for the reason that he has no right to vex them twice for the same cause of action. The parties who have not been already sued cannot take advantage of this ground as a defense on their part. As to them the plaintiff has made no election of remedies and their liability remains unaffected.

I think the objection to maintaining the joint action ought to be held personal to the one who has already been sued and against whom judgment has already been obtained. His objection is pertinent, he has once already been proceeded against and judgment has gone against him, and he ought not to be again vexed for the same cause. I have found no case where the objection has been made and allowed in favor of a defendant who had not before been sued. I see no reason why it should be. He has not been harmed in any conceivable way, nor his interests or defenses in the least degree jeopardized.

In this case the trial resulted in a judgment against the defendant McCall only, who was not before sued. The trial court refused to give a further judgment against the survivor in the partnership. It was in effect the same as if there had been a discontinuance as against that defendant. I do not understand the defendant to question the proposition that a plaintiff can pursue the several wrongdoers separately, although while obtaining several judgments he can have but one satisfaction. So here, if he had pursued McCall alone subsequent to the judgment against the survivor, such action, so far as this point is concerned, could be maintained. The course pursued is the same as a discontinuance, and I think that would be, in effect, the same as if the action had not been brought against the party in regard to whom a discontinuance

was entered.    That McCall, by taking this property and apply-
ing it, with the surviving partner, to his own uses, with
knowledge of its character and without paying any considera-
tion therefor, can be properly treated as a wrongdoer and
trustee *de son tort*, and be made liable in an equitable action
for his acts, is, as it seems to me, undoubted.    ( *Vyse* v. *Fos-
ter*, L. R. [8 Chy. App.] 309, 323 ; *Flockton* v. *Bunning*, note
to above case, at page 323 ; Perry on Trusts, § 245 ; *Hooley* v.
*Cleve*, 9 Abb. N. C. 8 ; *In re Jordan*, 2 Federal R. 319 ; 2
Pom. Eq. Jur. 1079.)    Although the party sued the second
time in this action did, by his answer, take the objection that
no further judgment ought to be entered against him, yet as
none was entered he has no further cause of complaint, and
he took no appeal from the judgment that was entered herein
against McCall.    As to McCall, we think the judgment was a
proper one, so far as this point is concerned.

*Fourth.*  The objection that plaintiff is only entitled, in any
event, to recover the balance over and above the amount
which was ordered to be deposited by the court in the other
action to meet the possible claim of Herman Moschcowitz, and
which balance is only about $300, cannot prevail.    Herman is a
party to this suit, and it has been found that in no event is
the estate of McCall liable to him for any portion of his claim
against the old firm, and Herman has not appealed.    That
amount cannot be properly deducted from the amount of
McCall's liability for the value of the share of the estate of
the deceased partner which came into the hands of the firm,
and was converted to his use.    Each one of several wrong-
doers is liable for the full amount of the conversion or mis-
appropriation.    (*Atty.-Genl.* v. *Wilson*, 1 Cr. & Ph. 1 ; *Cun-
ningham* v. *Pell*, 5 Pai. 607 ; 2 Pom. Eq. Jur., note at end of
section 1081.)

By this judgment there is no danger of the defendant's
estate being made liable to pay a second time.  McCall's
estate stands in no position as surety for any creditors of the
original firm.    It is found that the estate of McCall owes a
certain sum to plaintiff as payment for one-half the assets of

the old firm for which the estate is liable.  Whether plaintiff, as administrator, will have to pay anything by way of satisfaction of the debts of the old firm will be known hereafter when Herman endeavors to prove his claim.  McCall's estate has no interest in that question, nor has it any in the question whether the individual creditors of Miss Russell, the deceased partner, will be able to obtain payment out of the assets that are to be paid over under this judgment before a creditor of the partnership will be able to do so.  These various creditors will enforce what rights they have without any aid from McCall's estate as a volunteer on that subject.  It is not to be assumed that any improper or undue preference will be obtained by any one after the McCall estate has made its payment to the plaintiff.  A payment under this judgment will protect all the rights of the estate.  And, lastly, there are no debts left excepting the claim of Herman, which is disputed.

If this judgment is paid it will satisfy the judgment against Schamu M. Moschcowitz, obtained by this plaintiff, and if that judgment should be paid, it will satisfy this one as to principal and everything but costs.  There is no difficulty in providing for but one payment and a satisfaction of both judgments thereby.

*Fifth.*  The judgment against the surviving partner was not used as evidence against the McCall defendant as to the amount or value of the assets converted.  The learned judge held it was conclusive against the plaintiff, but that it was no evidence against defendant as to what the value of the property was, and he said that upon the evidence in the case outside of the judgment he thought the value was greater than had been allowed in the former suit, yet he held the defendant only liable for that amount.

*Sixth.*  There is nothing in this case showing any following of any trust funds or any lien upon their proceeds.  If there had been any such, it would in such an action have been to the benefit of the defendant by lessening the amount of a recovery against it by just the amount of the funds identified and obtained.  But as to the $7,000 deposited by the receiver

·of Moschcowitz Brothers in the trust company, it appears the ·expenses were more than enough to eat them up and no judgment for their payment has been recovered.

*Seventh.* Nor is the fact that Herman Moschcowitz claims to be a creditor of the old firm while he is one of the defendants charged with this conversion of assets, an answer to the plaintiff's demand. Herman could not by his illegal interference with these assets, pay his debt, nor had he the right to take possession of the property for that purpose. When the surviving partner violated his duty and was one of the parties that converted the assets of the partnership to his own use, so that judgment was recovered against him for the amount of one-half of the assets after he had deposited in the trust company by the direction of the judgment all that was necessary to meet all the debts of the firm, his further rights ·as surviving partner ceased. There are no other debts. If, being insolvent, or for any other reason, he has failed to make the deposit as directed by the judgment, he did not after the judgment was entered have the right to demand from defendant McCall any portion of the money which the latter was liable to pay to plaintiff on account of his own wrong in converting the assets of the partnership in connection with the ·surviving partner. The only debt outstanding is the Herman Moschcowitz claim, which is disputed and which does not appear to be prosecuted as if it had much merit. And it must be upon these facts that the rights of the parties are to be adjudged.

*Eighth.* The defendant also contends that the plaintiff's ·complaint should have been dismissed on the ground of inexcusable *laches* in bringing the action. The litigation arising out of the attempt to make the surviving partner responsible for his misconduct was not concluded until the entry of the modified judgment of the General Term late in the year 1886, and ·a short time thereafter the plaintiff probably discovered the ·ineffectual character of his attempt at redress in that direction. Early in the year 1888 this action was commenced. We think the record discloses reasonable cause for the delay in bringing

this action, and the plaintiff is not within the principle regarding stale claims invoked by defendant.

*Ninth.* We think the trial judge committed no error in practice when, under the circumstances, instead of entering an interlocutory judgment and sending it to a referee to inquire whether there was anything left of the $7,000 paid by the receiver over and above the expenses consequent upon its collection, etc., he took the evidence upon that point himself and ordered final judgment in accordance therewith to be entered.

These are the principal grounds urged by respondent for an affirmance of the order of the General Term. It is unnecessary to more fully mention the other points, and it is enough to say we do not think them sufficient to reverse the Special Term judgment.

We have given this case and the very able argument of the counsel for the defendant all the consideration possible, but for the reasons stated we are unable to agree with the conclusion arrived at by the General Term. We think on the contrary the learned judge at Special Term arrived at the correct result, and, therefore, the order of the General Term must be reversed and the judgment of Special Term affirmed, with costs in the General Term and in this court to the appellant here.

All concur.

Ordered accordingly.