(13 Misc. Rep. 152.)

### HUTCHINSON v. CAMPBELL et al.

(Common Pleas of New York City and County, General Term.   June 3, 1895.)

PARTNERSHIP—SALE BY SURVIVING PARTNER—RIGHTS OF PURCHASER.
   One who purchases the interest of a surviving partner in the firm property takes subject to the obligation of his vendor to realize on the assets for the joint benefit of himself and the estate of the deceased partner, and will be required to account at the suit of the deceased partner's executor.

Appeal from special term.

Action by John Hutchinson, as executor of Bernard Mooney, deceased, against John V. Campbell, individually and as executor of John Connor, deceased, and others.   From an order appointing a receiver of the assets of the late firm of Mooney & Connor, carrying on the livery stable business at 137–141 West Ninety-Ninth street, defendant Campbell appeals.   Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Theo. H. Friend, for appellant.
Powel & Krope (Hector W. Thomas and Henry Krope, of counsel), for respondent.

DALY, C. J.  The plaintiff is the executor of Bernard Mooney, who, with John Connor, composed the copartnership of Mooney & Connor, carrying on the livery stable business on West Ninety-Ninth street, in premises of which they were the owners of undivided equal shares.   Mooney died on March 10, 1894; and Connor continued the business until June 25, 1894, when he sold to the defendant Campbell all his interest, as surviving partner of the late firm, in and to the chattels, personal property, outstanding bills, good will, and business, and on the same day conveyed to Campbell his one-half of the said real estate.   On September 21, 1894, Connor also died, leaving a will appointing Campbell his executor.   No consideration was paid by Campbell for the conveyances from Connor, except the execution of a mortgage to the latter upon the real estate for $13,000.   The nominal consideration for the transfers was $25,000; but, as the real estate was subject to a mortgage of $24,000, one-half thereof (as the incumbrance on the undivided half conveyed to Campbell) was deducted from the $25,000, leaving a balance of $13,000, for which the aforesaid mortgage was executed. Upon this mortgage Campbell claims credit for various sums paid to Connor in his lifetime, and moneys laid out and expended for his account, amounting in the aggregate to $4,000.   The plaintiff, as executor of Bernard Mooney, the deceased copartner, brings this action to declare the said transfers void, and for an accounting of the affairs of the copartnership, and of the moneys received and paid out by Connor and Campbell, and to ascertain the gains and profits of the business, and for the recovery of one-half thereof; alleging that the aforesaid transfer to Campbell by Connor was wrongful, and that the assets and property of the late firm are being wasted, and there is no one in possession thereof for the purpose of winding up the business.   The defendant claims the property, real and personal, conveyed to him by Connor, as his own, and denies any interest of the estates of Mooney and of Connor therein, and resists the demand for accounting.   The complaint alleges, and the evidence shows, that, after the death of Mooney, Connor carried on the business as his own, without accounting to the executor of Mooney, and neglected to settle and wind up the affairs of the copartnership.   Upon the facts shown, the court, at special term, upon plaintiff's motion, appointed a receiver of the assets of the late firm, and of the livery stable business carried on in the premises aforesaid, and from such order the defendant appeals.

The order contained a provision authorizing the receiver, during the pendency of the action, to carry on the business, and this provision must have been intended for the benefit of all parties, so that, whatever might be the ultimate judgment in the action, the good will of the business would not be destroyed by the litigation. If such authorization does not tend to the advantage of the parties, the permission to carry on the business may be revoked at any time, and the receiver directed to dispose of the assets at once, and hold the proceeds to abide the event of the action, since the cost of keeping the horses and the use of the premises might eat up the assets, but the order appointing a receiver to preserve the assets

must be affirmed. It was the duty of Connor, as surviving partner, to dispose of the assets of the copartnership for the benefit of himself and the estate of his deceased partner, and if, instead of gathering the assets, paying the debts, winding up the business, and distributing the surplus, he misappropriated them, and converted them to the use of himself and others, he was guilty of a breach of trust and a court of equity may give appropriate relief. Russell v. McCall, 141 N. Y. 437, 36 N. E. 498. Although, as surviving partner, Connor had the exclusive right to dispose of the assets of his late firm, such right was to be exercised in the performance of his duty to close up the affairs of the copartnership; but, if he failed to do so, the representatives of the deceased partner have the legal right to interfere, to protect their legal rights in the due application of the proceeds, and the distribution of the surplus after payment of the debts. Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365. The purchase by Campbell from Connor was specifically of the latter's "interest as surviving partner in the late firm of Mooney & Connor." One who purchases the interest of a partner in a firm acquires simply a right to an accounting in respect to the partnership effects, and to a share of the surplus remaining after payment of the partnership debts, deducting any balance that may be due from the vendor to his copartner on accounting. Morss v. Gleason, 64 N. Y. 204; Menagh v. Whitwell, 52 N. Y. 146. One who purchases such interest from a surviving partner, therefore, while he obtains the legal title and possession, takes with all the obligations of his vendor to wind up the business, and realize upon the assets for his own benefit and that of the estate of the deceased partner, because he takes the property impressed with the trust growing out of the duty of the vendor to realize upon them for such purpose. Preston v. Fitch, 137 N. Y. 41, 33 N. E. 37; Holmes v. Gilman, 138 N. Y. 369, 34 N. E. 205; Russell v. McCall, 141 N. Y. 439, 36 N. E. 498. As Campbell, the purchaser of Mooney's interest in the firm, repudiates his obligations, and denies his trust, and resists the claim of the representatives of the other partner for an accounting, he manifestly seeks to convert the property to his own use; and the right of the representatives of the deceased partner to interfere and invoke the aid of a court of equity is as clear as their remedy against the surviving partner would be if he acted in a similar manner.

It is objected that the court had no right to interfere with defendant's occupation of the real estate, which he claims was owned by Mooney & Connor as tenants in common, Connor's half of which had been conveyed to him. The complaint alleges that the real estate was copartnership property, and until that question is determined the receiver must keep possession of it. The allegation is supported by the fact that the firm business was carried on in the premises, and, as the defendant bought the interest of the survivor in the business so carried on, he cannot complain that the court feels bound to preserve the whole property until the determination of the action. The order appealed from must be affirmed. All concur.