LEWISOHN BROS. v. ANACONDA COPPER–MIN. CO. et al.

(Supreme Court, Appellate Division, First Department.    May 20, 1898.)

ACTION BY STOCKHOLDER—INTERVENTION.

In an action against a mining corporation and its directors, by one of its stockholders, to restrain a sale of its lands to a certain third person, without putting them up at auction, the third person, who had merely made an offer for the land, and deposited the purchase price, but had not yet acquired any enforceable right to a consummation of the sale, moved for leave to intervene. *Held*, that he was neither a necessary party, under Code Civ. Proc. § 452, nor a proper party, under section 447.

Appeal from special term, New York county.

Action by Lewisohn Bros. against the Anaconda Copper-Mining Company and others. From an order permitting the Montana Ore-Purchasing Company to intervene as defendant, plaintiff appeals. Reversed.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

51 N.Y.S.—69

Samuel Untermyer, for appellant.
Esek Cowen, for respondents.

O'BRIEN, J. Prior to the commencement of the action, F. Augustus Heinze, president of the Montana Ore-Purchasing Company, and acting on its behalf, offered the directors of the Anaconda Mining Company the sum of $100,000 for certain territory belonging to that company known as the "Sullivan Lot" and the "Snowbird Claim." The officers replied that, so far as they could do so, they would accept the offer, and that upon deposit of the sum of $100,000 they would call a meeting of the stockholders, and obtain the proper authority to make the sale. The statute of Montana provides that the directors of a mining corporation cannot sell its real estate without the approval of two-thirds of the stockholders at a meeting called for that purpose, at which three-fourths of the stock shall be present. Civ. Code, §§ 1012, 1013. The money was furnished by the Montana Ore-Purchasing Company, and paid by Heinze to the officers of the Anaconda Company, and a meeting of the stockholders was called to authorize the sale. In the meantime, the plaintiff, a New York corporation and stockholder in the Anaconda Company, made an offer to the latter company to pay $150,000 for the same property, which offer was not accepted; and, with a view to carrying out the sale to the Montana Company, the Anaconda Company proposes to hold the meeting of stockholders as agreed. This action was brought to restrain the directors of the Anaconda Company from acting under the authority to be received at the stockholders' meeting, and from selling the land and territory, without putting the same up at auction, to be sold to the highest bidder.

The complaint asserts that the Montana Company is and has been a pirate in the Montana copper-mining region, conducting a guerrilla warfare and extensive blackmailing operations against all the mining industries surrounding its property, and that the purpose for which the property is sought is to continue litigations, and not with a view to mining the property, which, it is claimed, is of slight value as such. Without denying these charges, but for the purpose, as claimed, of answering them, and to protect its interests, the Montana Company, on the eve of trial, made the motion to be allowed to intervene, which motion was granted.

Section 452 of the Code of Civil Procedure provides:

"And where a person not a party to the action has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

It is not claimed that the intervener is a necessary party, but it is insisted that, as the Anaconda Company has no interest in defeating the plaintiff in this action, the intervener should be permitted to defend. We do not think that the Montana Company is so directly interested in the subject of the action as to come within the express provisions of section 452, which has been usually confined to parties whom it is necessary to bring in, and who are interested in the subject of the action. It is claimed, however, that the right

to admit new parties does not depend entirely upon this section, but that by section 447 any person may be made a party defendant who has or claims an interest in the controversy adverse to the plaintiff. We think that the distinction to be made between the two sections is that the former relates to necessary, and the latter to proper, parties.

The test as to who is a necessary party has often been applied by determining whether, if made a party, he could demur successfully on the ground of no cause of action; because, if he could, it would be seldom, if ever, proper to compel the plaintiff to add such a person as a party defendant.   Apart from section 452, and regarding the intervener's rights as controlled by section 447, we think that the motion should not have been granted, because, upon the admitted facts, the Montana Company is not a proper party, and has no legal enforceable interest in the action.   It is not brought to enjoin the defendants from performing a contract entered into with the intervener, but it is based upon the theory that the intervener has no contract interest, and its purpose is to prevent it from acquiring such.   It is not disputed that, even if the Anaconda Company succeeded in the action, it would be under obligation to sell the property to the intervener, the directors having an unquestioned right to withdraw the call for the stockholders' meeting.

Bearing in mind, therefore, that this is an action brought by a stockholder against the officers and directors of his own company, to prevent them from performing what is alleged to be an unlawful act, it cannot be concluded that the Montana Company has any possible interest in such a controversy.   If the defendants put in no defense, the Montana Company would have no right or standing to insist that the plaintiff should not have judgment.   Apart from this consideration, however, the remote and indirect interest which the intervener might possibly have is sufficiently protected by the defendants already in the action; because it is made clearly to appear that, without their active co-operation and assent, the Montana Company can never procure a contract for the property.   If the defendants change their minds about accepting the offer of the Montana Company, there is nothing to prevent their doing so, and withdrawing the call for the stockholders' meeting.   The only possible way, therefore, in which the Montana Company can be aided, is through the agency of the Anaconda Company in successfully defending the action, holding the meeting of the stockholders, and obtaining the necessary authority to sell the property to the Montana Company.   As it has, therefore, no legal or enforceable interest to protect in the action, no good reason was presented for permitting it to intervene in a controversy to which it must be regarded as legally a stranger.

Apart, therefore, from the laches in moving just on the eve of trial, we think, upon the conceded facts, that the order was improper, and that it should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.