### CALLANAN v. KEESEVILLE, A. C. & L. C. R. CO. et al.

(Supreme Court, Special Term, St. Lawrence County. November, 1905.)

1. PLEADING—LEGAL CONCLUSIONS.

> An allegation that the estate of a deceased partner owns an undivided half interest in certain bonds, which in fact belonged to the partnership and have consequently passed to the surviving partner, is a conclusion of law.

> [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 23.]

2. PARTNERSHIP—DEATH OF PARTNER—SUCCESSION TO FIRM PROPERTY.

> Where a partnership owns certain bonds and one of the partners dies, title to the bonds is in the surviving partner, and the estate of the deceased partner has no legal interest therein until the partnership affairs are closed, and its interest is then in the net proceeds of the firm business.

> [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, § 514.]

**3. ABATEMENT AND REVIVAL—PROCEEDINGS ON DEATH OF PARTY—STATUTES.**

Code Civ. Proc. § 452, requiring the court to direct parties whose presence is necessary for a complete determination of the controversy to be brought in and to permit persons who have an interest in the subject of the action to intervene on their application, applies to interested persons who are not made parties at the time the action is brought and who ask to intervene, and has no application to a case where a party dies subsequent to the institution of suit and his estate seeks to intervene in his place, in which case chapter 8, tit. 4, of the Code, entitled "Proceedings upon the Death * * * of a Party," section 756 of which allows the action to proceed with parties still living unless the court directs others to be brought in, is applicable.

**4. PARTNERSHIP—DEATH OF PARTNER—ACTIONS AGAINST SURVIVING PARTNER —INTERVENTION OF DECEASED'S REPRESENTATIVES.**

Under Code Civ. Proc. § 756, providing that, in case of a transfer of interest or devolution of liability, the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred or upon whom the liability is devolved to be substituted or joined, executors of a deceased partner have no absolute legal right to intervene in an action brought prior to the death of the partner, arising out of partnership transactions, and which is under the control of the surviving partner, where there is no conflict of interest between the surviving partner and the estate of the deceased partner, and there has been no mismanagement of the case or prejudice to the estate from the proceedings had therein.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, § 375.]

**5. SAME.**

Where a partner dies before action brought against the partnership, the estate of the deceased partner can only be made a party to the action by alleging the insolvency of the surviving partner, and can only intervene at its own request upon a showing that the surviving partner is false to his trust, misrepresents the firm, or is treacherous to the interests of the estate.

**6. PARTIES—MOTIONS TO INTERVENE—LACHES.**

A motion to be permitted to intervene in an action without terms, and thus put the case over the trial term, may be denied on the ground of laches, where important proceedings have been had to the knowledge of the attorney making the motion and ample time has expired within which the motion might previously have been made.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, § 69.]

**7. SAME—ACTIONS FOR DAMAGES.**

Under Code Civ. Proc. § 452, requiring the court to direct a person not a party to the action, who has an interest in the subject thereof and who makes application to be made a party, to be brought in by proper amendment, intervention cannot be required in an action for damages.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, § 59.]

**8. SAME—BRINGING IN NECESSARY PARTIES.**

Code Civ. Proc. § 452, requiring the court to direct a person not a party to the action, who has an interest in the subject thereof and who makes application to be made a party, to be brought in by proper amendment, is to be construed as requiring parties to be brought in who, if their interests were known, were either proper or necessary parties at the time of suit brought.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, §§ 61, 62.]

Action by Michael J. Callanan for himself and other stockholders against the Keeseville, Ausable Chasm & Lake Champlain Railroad Company and others. On motion of the executors of Nathaniel B. Powers, a

deceased defendant, to be permitted to intervene.    Motion granted conditionally.

Weeds, Conway & Cotter, for plaintiff.

John L. Hill, for petitioners.

JOHN M. KELLOGG, J.    The executors of Nathaniel B. Powers, a deceased defendant, seek to be made a party defendant in his place, claiming an absolute right to intervene under section 452 of the Code of Civil Procedure.    The action is to set aside a contract between the railroad company and Joseph A. Powers and Walter H. Mansfield, and to cancel stock and bonds claimed to have been illegally issued by them while controlling the company, and, if the stock and bonds have been transferred, so that they cannot be reached, to recover the value thereof from the defendants, who collusively disposed of them.    The defendants Nathaniel B. Powers and Albert E. Powers were bankers under the name of D. Powers & Son, and the complaint alleges that a certain amount of illegal stock was transferred to the firm and by it transferred to the defendant the Powers & Mansfield Company, for the purpose of carrying out the illegal designs of Joseph A. Powers and the said Mansfield, and to prevent the following up and canceling of said stock. Both members of the firm of D. Powers & Son answer the original complaint by the same attorney.    Nathaniel B. Powers died July 8, 1905, and his will was probated July 18, 1905.    An amended and supplemental complaint was served August, 1905; but the death of the said Nathaniel B. Powers was not mentioned or referred to therein.    The surviving partner answered the latter complaint by the same attorney who appeared for both members of the firm and by the same attorney who makes this motion in behalf of the executors.    Various motions have been made in this case without referring to the death of said defendant, and the last motion before this court was at the September Special Term here, when an order was made upon the theory that the defendants were anxious for immediate trial at the Clinton county term, to begin November 13th, and that both parties were ready and intended to try this case at that time.    It is conceded upon the argument that any interest which D. Powers & Co. had in the stock of the railroad company, as alleged in the complaint, was transferred by the firm before action brought.    The moving papers allege that the estate owns an undivided half interest in certain bonds which are sought to be canceled in this action.    It is not alleged whether the estate acquired said bonds before or after action brought, nor how it became such owner; but it is conceded upon the argument that the bonds belonged to the copartnership.    The statement in the moving affidavit that the estate owns a half interest in said bonds is therefore a mere conclusion of law, for the title to the bonds is in the surviving partner and the estate has no legal interest therein until the partnership affairs are closed, and its interest is then in the net proceeds of the firm business.    Russell v. McCall, 141 N. Y. 437, 36 N. E. 498, 38 Am. St. Rep. 807.

It is a mistake to assume that this case comes within section 452 of the Code of Civil Procedure.    That section refers to interested persons, who were not made parties at the time the action was brought and who

ask to intervene. Earle v. Hart, 20 Hun, 75; Griswold v. Cald-well, 14 Misc. Rep. 299, 35 N. Y. Supp. 1057. If Nathaniel B. Powers had not been made a party and had desired to intervene, that section of the Code would define his right. But he was made a party and has since died, and his estate, in order to become a party, must seek its rights under the provisions of the Code providing for proceedings in an action after the death of a party. Title 4 of chapter 8 of the Code of Civil Procedure, entitled "Proceedings upon the Death and Disability of a Party or Transfer of his Interest," seems to contain the provisions of the Code applicable to this case, and section 756 allows the action to proceed with the parties still living, unless the court directs others to be brought in. That section seems to leave it in the discretion of the court whether to bring in representatives of the deceased party or not. In this case I cannot see that the executors can force themselves upon the plaintiff as a party and thus delay the trial of the action. Any act claimed to have been done or any liability claimed against the deceased arises from the partnership transactions of his firm; and the surviving partner, and not his estate, has control and management of the partnership affairs and litigation. If the partner had died before action brought, it manifestly would have been improper to make his estate a party to the action. It could only be made a party by alleging the insolvency of the surviving partner, which is not claimed here. Pope v. Cole, 55 N. Y. 124, 14 Am. Rep. 198; Potts v. Dounce, 173 N. Y. 335, 66 N. E. 4; Merrill v. Blanchard, 7 App. Div. 167, 40 N. Y. Supp. 48, affirmed 158 N. Y. 682, 52 N. E. 1125. And he could only be made a party at his request upon showing that the surviving partner was false to his trust, misrepresenting the firm, or treacherous to the interests of the decedent.

The members of the firm were father and son, and it does not appear who are the next of kin of the deceased, or whether the survivor may not in fact become entitled to his estate through his will or the statute of distributions. In any event there is nothing to show any conflict of interest between the surviving partner and the estate of the deceased partner. And the history of the case seems to show no want of harmony, no mismanagement of the case, and no prejudice to the estate from the proceedings already had. The granting of the order admitting the estate as a party without terms necessarily puts the case over the Trial Term just as fully as though that was the real object for making the motion. Important proceedings have been had to the knowledge of the attorney making the motion, who is the attorney of the estate, and ample time has expired in which to make this motion, and, whether we consider it a motion for substitution or intervention, it might be well denied upon the ground of laches and that the real effect of it would be to deprive the plaintiff of a trial at the approaching term, which up to this time has been conceded to him. Mason v. Sanford, 137 N. Y. 497, 33 N. E. 546.

The mandatory provisions of section 452 can do the estate no good on this motion. The estate has no legal interest in the subject-matter of the litigation. The stock having been sold by the firm, the only claim against the defendants outlined in the complaint is for damages,

and in an action for damages intervention cannot be required under this section of the Code. Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30. No judgment here can bind the estate. And while the moving papers show the ownership of some of the bonds in question (whether acquired before or after suit brought does not appear), the title to the bonds and the duty of protecting them rests solely with the surviving partner. Russell v. McCall, 141 N. Y. 437, 36 N. E. 498, 38 Am. St. Rep. 807. "He had the legal title to the assets, and he held them as the legal owner, and not as trustee, in the strict sense of that term. In equity, however, he was to be regarded to some extent as a trustee, and his duty was to pay the debts and dispose of the assets of the partnership for the benefit of himself and the estate of the deceased partner. * * * The position is somewhat anomalous, not exactly and wholly a trustee, and yet not a full owner of the assets which he takes or retains possession of by reason of survivorship. The duties spoken of he owes the estate of the deceased partner, and when, instead of gathering in the assets, paying the debts, winding up the business, and distributing the surplus, he misappropriates the same and converts them to his own use and that of others with him, he is so far guilty of a breach of trust that a court of equity will, when called upon, intervene and give appropriate relief." Russell v. McCall, supra, page 447 of 141 N. Y., page 501 of 36 N. E. (38 Am. St. Rep. 807).

It cannot be that every next of kin can force himself into a lawsuit in which the estate is interested, or that every cestui que trust can insist that he be made a party in every action in which the trust estate is interested. If that were so, there would be no end to litigation and no day for judgment. The trustee is the party legally interested and the party charged by the law with the protection of the interests of all concerned, and while he is acting intelligently and honestly and for the best interest of the trust he cannot be controlled or dictated to, or his conduct of the litigation relating to the trust questioned. If he is not so acting, the court has power to allow the parties beneficially interested to be brought in, so that it may direct and control the trustee if he seeks to improperly prejudice or sacrifice their interests. We have seen that an action cannot be brought against the surviving partner of the estate of the deceased partner on account of partnership transactions without showing the insolvency of the survivor. The estate, therefore, is not a necessary party, and section 452 is properly construed as requiring parties to be brought in who, if their interests were known, were either proper or necessary parties at the time of suit brought. "The test as to who is a necessary party has often been applied by determining whether, if made a party, he could demur successfully on the ground of no cause of action, because, if he could, it would be seldom, if ever, proper to compel the plaintiff to add such a person as a party defendant." Lewisohn Bros. v. Anaconda Copper Co., 29 App. Div. 552, 554, 51 N. Y. Supp. 1089, 1091. It would at least be a strange situation to sustain a demurrer because a person was improperly made a party and then afterwards to compel him to be made a party under section 452. The estate, therefore, has no absolute legal right to intervene or be substituted as parties in this case; but, as suggested upon the argument

and consented to by the plaintiff's attorney, it may be made a defendant and may answer, providing its answer is served on or before Friday of this week, and that this order and such answer shall not be used as a means of preventing the trial of the case at the approaching term.